[No. 538.  Decided November 17, 1892.]

EDWARD C. MILLER, THE EXCHANGE NATIONAL BANK OF SPOKANE FALLS, AND D. M. THOMPSON, *Respondents*, v. THE WASHINGTON SAVINGS BANK, *Appellant.*

APPEAL — WHEN NOT BARRED BY ISSUANCE OF EXECUTION — STATEMENT OF FACTS — CERTIFICATE — MORTGAGES — PRIORITY.

Where the decree of sale in foreclosure proceedings provides that the proceeds shall be divided proportionately between certain parties to the suit, the issuance of execution at the instance of one of the parties, and the sale of the mortgaged property thereunder, will not bar such party from appealing the cause to determine the rights of the parties as to priority.

A certificate to a statement of facts "that the same is the proper statement of facts in said cause, and . . . contains all the evidence taken in said cause," is sufficient, as it is equivalent to saying that the statement contains all the material facts. (HOYT, J., dissents.)

Where the holder of two notes secured by mortgage sells one of the notes and at the same time transfers the mortgage to the purchaser of the note, the purchaser is given a priority in the security, and the assignment thereafter of the other note to third parties gives the assignees no greater rights than those held by the assignor.

*Appeal from Superior Court, Spokane County.*

*Jesse Arthur*, for appellant:

A mortgagee holding two or more notes secured by one mortgage can transfer the mortgage and one note so as to give that note priority in satisfaction out of the mortgaged property, and an indorsement of one note with an assignment of the mortgage is sufficient, in the absence of all circumstances indicating a contrary intention, to give the holder of such note priority.  1 Jones, Mortgages (4th ed.), § 822; *Foley v. Rose*, 123 Mass. 557; *Solberg v. Wright*, 33 Minn. 224; *Grattan v. Wiggins*, 23 Cal. 31; *Sherwood v. Dunbar*, 6 Cal. 53; *Keyes v. Wood*, 21 Vt. 339; *Langdon v. Keith*, 9 Vt. 299; *Wright v. Parker*, 2 Aik. 212; *Pattison*

*v. Hull*, 9 Cow. 752; *McVay v. Bloodgood*, 9 Porter, 547; *Bank v. Tarleton*, 23 Miss. 173.

When the mortgagee assigns one or more of the notes, and retains the remainder of the series, it is generally held that the assignee is entitled to a priority of lien as against the mortgagee, with respect to the note or notes so transferred, and this rule operates without regard to the order in which the notes held by the two parties mature.    3 Pomeroy, Equity Jur., § 1203; *McClintic v. Wise*, 25 Grat. 448; *Waterman v. Hunt*, 2 R. I. 298; *Bryant v. Damon*, 6 Gray, 564; *Warden v. Adams*, 15 Mass. 233; *Cullum v. Erwin*, 4 Ala. 452; *Forwood v. Dehoney*, 5 Bush, 174; *Clowes v. Dickenson*, 5 Johns. Ch. 235; *Pattison v. Hull*, 9 Cow. 747; *Mechanics' Bank v. Bank of Niagara*, 9 Wend. 410; *Walker v. Dement*, 42 Ill. 272.

*Jones & Voorhees*, for respondents:

Where several notes are secured by the same mortgage, and are held by different parties, the order of their payment out of the proceeds of the sale of the mortgaged property is established according as the several notes mature.    An assignment of a portion of a mortgage debt operates as an assignment of the mortgage *pro tanto*. *Grapengether v. Fejervary*, 9 Iowa, 163; *Rankin v. Major*, 9 Iowa, 297; *Hinds v. Mooers*, 11 Iowa, 211; *Sangster v. Love*, 11 Iowa, 580; *Massie v. Sharpe*, 13 Iowa, 542; *Isett v. Lucas*, 17 Iowa, 503; *Mitchell v. Ladew*, 36 Mo. 526; *Wood v. Trask*, 7 Wis. 566; *Marine Bank v. International Bank*, 9 Wis. 57; *Lyman v. Smith*, 21 Wis. 674; *Stanley v. Beatty*, 4 Ind. 134; *Murdock v. Ford*, 17 Ind. 52; *People's Savings Bank v. Finney*, 63 Ind. 467; *Doss v. Ditmars*, 70 Ind. 459; *Bank of United States v. Singer*, 13 Ohio, 240; *Winters v. Bank*, 33 Ohio St. 250; *Vansant v. Allmon*, 23 Ill. 32; *Gardner v. Diederichs*, 41 Ill. 170; *Koester v. Burke*, 81 Ill. 436.

The opinion of the court was delivered by

SCOTT, J.—Respondents move to affirm the judgment in this case because the transcript was not filed within the time prescribed by law. It was filed within a few days after the time had expired. There is a contest as to the facts going to show why it was not filed before the expiration of the time allowed. Under the showing made by the appellant the delay is excusable, and we are of the opinion that the motion should be denied.

Respondents move to dismiss because the appellant while prosecuting the appeal was also prosecuting the judgment rendered in the lower court. The Exchange National Bank and the Washington Savings Bank each held a note secured by a certain real estate mortgage. The controversy between them is as to the right of priority to the proceeds of the mortgaged lands. The court decreed the foreclosure of the mortgage and a sale of the premises. This was desired by both parties, and appellant caused an execution to be issued and the mortgaged property sold thereunder. The proceeds thereof were paid into court. The judgment of the court was, that such proceeds should be divided proportionately between the parties, according to the amount of their respective claims. The appeal was from this order of distribution, the appellant claiming the right to have its claim paid first. Under such a state of facts we think appellant, by reason of having had an execution issued and the lands sold thereunder, was not barred from appealing the cause to determine the rights of the parties as to priority. The motion is denied.

Respondents further move to dismiss the appeal for the reason that the statement of facts was not certified as required by law. The body of the certificate is as follows:

"I hereby certify that the above and foregoing has been this day settled by me as the proper statement of facts in

the above entitled cause, to wit, Miller et al. *v.* Reed et al., and I hereby certify that the same is the proper statement of facts in said cause, and the above statement contains all the evidence taken in said cause.''

We think this certificate is sufficient.   It is equivalent to saying that the statement contains all the material facts, for unless it did contain all the material facts it could not be a proper statement.   Of course the material facts in a case of this kind, being an equity case, include all the testimony and evidence taken in the cause, although it need not necessarily be stated in the certificate that the same is so contained in those words.   The certificate that it contains all the material facts is sufficient either in a law or an equity case, and a certificate that it is a proper statement of facts is practically the same thing, and *prima facie* at least is sufficient.   This motion is denied.

### ON THE MERITS.

The defendants, Reed and wife, on the 31st day of August, 1889, executed and delivered to plaintiff, Miller, a mortgage of certain lots in the city of Spokane to secure the payment of three notes, one for two thousand dollars, another for six thousand dollars, due in six months, and another for five thousand dollars, due in twelve months, all of even date with the mortgage.   On the 27th day of January, 1890, said Reed and wife conveyed the lots to the defendant, Mattie Brundage.   By a covenant in the deed she assumed the payment of the last two mentioned notes, the note for two thousand dollars having been previously paid. On March 7, 1890, after the six thousand dollar note had matured, Miller sold the five thousand dollar note to the Washington Savings Bank, and at the same time therewith delivered to said bank the mortgage aforesaid.   This bank thereafter retained the mortgage.

Prior to the transfer of the five thousand dollar note and

the mortgage to the savings bank, Miller placed the six thousand dollar note at the Browne National Bank, as he claims, for collection, but as the savings bank claims, to be delivered to Mattie Brundage, the purchaser of the lots, in exchange for two notes of one Henry Brook for the sum of three thousand dollars each. These notes were also left at the Browne National Bank, and on June 24, 1890, one of them was paid and the proceeds credited on said six thousand dollar note by said bank. It is not necessary for us to determine the controversy stated between the savings bank and Miller. On the 11th day of November, 1890, Miller withdrew said note from the Browne National Bank and assigned it, credited with the proceeds of the Brook note, to D. M. Thompson, as additional security for the payment of a note given by him to Thompson. Afterwards Thompson left the Reed note and the note executed by Miller with the Exchange National Bank as collateral to secure the payment of a note given by him to said bank. Miller, the Exchange National Bank and Thompson brought this action to foreclose, which resulted in a foreclosure and sale and an apportionment of the fund as heretofore stated.

We think the circumstances in this case indicate that the intention of the parties was at the time of the transfer of the five thousand dollar note and mortgage, that the mortgage should primarily be held as security for the payment of that note; that the action of Miller at the time he sold the note, in transferring the mortgage with it, was in effect saying to the savings bank that it should be entitled to priority in the security thereby afforded. The other bank and D. M. Thompson receiving the six thousand dollar note thereafter could claim no greater rights thereunder than Miller himself had.

The cause is remanded to the lower court with instructions for it to so modify its decree as to allow the amount due the Washington Savings Bank to be first paid out of

the proceeds arising from the sale of the mortgaged lands. The appellant will recover the costs of this appeal.

ANDERS, C. J., and DUNBAR and STILES, JJ., concur.

HOYT, J.—I concur in the opinion on the merits, but dissent from that on the motion to strike the statement of facts.