[No. 2920.  Decided April 26, 1900.]

NORTH WESTERN LUMBER COMPANY, *Appellant,* v. CITY
OF ABERDEEN, *Respondent.*

MUNICIPAL CORPORATIONS—WARRANTS—ORDER OF PAYMENT—LIABIL-
ITY FOR MISAPPLICATION OF FUNDS.

Where a city collects money from special assessments on the
property benefited, made to cover the cost of a street improve-
ment, and from such fund pays certain warrants, while prior
warrants drawn against the fund remain unpaid, such action
constitutes a damage to the holder of the prior warrants, for
which the city is liable.

SAME—LIABILITY FOR FAILURE TO COLLECT SPECIAL ASSESSMENTS.

A city cannot be held liable generally upon warrants drawn
upon a special fund for the payment of a street improvement,
even if the remedy of a street assessment proceeding is no longer
available.

Appeal from Superior Court, Chehalis County.—Hon.
CHARLES W. HODGDON, Judge.  Reversed.

*Sidney Moor Heath,* for appellant.

*J. C. Cross,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Plaintiff in its complaint set forth three
causes of action, the first being that in December, 1890,
the defendant city entered into a contract with one Smith,
and under the terms of the agreement Smith was to plank
and improve Market street, and receive payment therefor
in warrants drawn to his order, payable from a special
assessment to be collected from an assessment district for
which the improvement was made, and that the city agreed
without neglect to collect the warrants, and without delay
to pay the same; that the warrants were duly issued and
delivered, and for value assigned to plaintiff, and were
presented and indorsed as interest bearing; that the de-

fendant city collected a large amount from the assessment
district, and, while such funds were in the city treasury
and three of said warrants held by plaintiff (No. 399, for
$350, No. 400, for $350, and No. 401, for $355.12) were
due and payable as aforesaid in the order of their issu-
ance, the city, instead of paying plaintiff's warrants in the
order of their issuance, paid other warrants issued against
the same fund and numbered subsequently, to-wit, warrant
No. 402, for $38.80, No. 403, for $230.71, and No. 404,
for $215.40.   But it is also stated that the principal of
warrant No. 399, held by plaintiff, was paid, except inter-
est thereon which was settled by the cancellation of war-
rant No. 399 and the issuance in lieu thereof of warrant
No. 2582 for the amount of the interest accrued.   Plaintiff
alleges its damages upon this cause of action in the sum
of $474.91, the aggregate of the amounts of the warrants
paid numbered subsequently to those held by plaintiff.
The other two causes of action stated in the complaint
were upon warrants issued against special assessment
funds by the city.   The allegations were that the city had
failed and neglected to collect the assessments; that de-
mand had been made for payment from the city of the
amount due on the warrants, and they were unpaid.   A
general demurrer was interposed to the complaint on the
ground that it did not state facts sufficient to constitute a
cause of action, and was sustained by the superior court.
Plaintiff, standing upon its complaint, brings the cause
here.

1.   It has been ruled frequently that warrants must be
paid in the order of their issue and number.   It appears
from the complaint that the defendant city violated this
rule, and paid the warrants issued subsequently to those
of plaintiff from the fund properly applicable to plaintiff's
warrants.   Such diversion of the fund was to the damage

of plaintiff. *Eidemiller v. Tacoma*, 14 Wash. 376 (44 Pac. 877).

In *Potter v. New Whatcom*, 20 Wash. 589 (56 Pac. 394, 72 Am. St. Rep. 135), it was said: "As the money has been collected and misapplied by the city, it can be recovered by the warrant holder."

2. The causes of action stated upon the other warrants held by plaintiff fall within the rule announced in the case of *German-American Savings Bank v. Spokane*, 17 Wash. 315 (49 Pac. 542, 38 L. R. A. 259), and reaffirmed in the case of *Wilson v. Aberdeen*, 19 Wash. 89 (52 Pac. 524), where it was adjudged that a city cannot be held liable generally upon warrants drawn upon a special fund for the payment of a street improvement, even if the remedy of a street assessment proceeding is no longer available.

The cause is reversed, with direction to overrule the demurrer as to the first cause of action, and for further proceedings in accordance herewith.

GORDON, C. J., and FULLERTON, J., concur.

DUNBAR, J.—I think the plaintiff should recover in all the causes of action.