[No. 19617.   Department Two.   May 12, 1926.]

A. J. JOHNSON, *Appellant*, v. H. C. McGRAW *et al.*, *Respondents*.[1]

[1] MUNICIPAL CORPORATIONS (512, 533)—LOCAL IMPROVEMENT BONDS —ORDER OF PAYMENT—PRIORITIES. In an action under Rem. Comp. Stat., § 9404, for the foreclosure of local improvement bonds which are payable in the order of their serial number, it is proper to provide in the judgment that the plaintiff, if a bidder at the sale, shall provide sufficient money to redeem, when called, bonds of a lower denomination which are prior to his bonds in suit.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered September 16, 1925, upon findings in favor of defendants, in an action to foreclose local improvement bonds, tried to the court. Affirmed.

*Henry W. Pennock*, for appellant.
*Herman Murray, amicus curiae.*

MAIN, J.—This action was brought to foreclose local improvement bonds. In the year 1914, the city of South Bend, to pay for a local improvement, issued bonds. The plaintiff is the owner of bonds 6 to 25, inclusive, each of the par value of $100. The bonds were made payable on or before ten years from the date of their issuance. They had never been called by the city treasurer, and no interest had been paid subsequent to the year 1920. The action was brought in 1925. The

[1]Reported in 245 Pac. 915.

owners of bonds 1 to 5 were not made parties, and apparently it was not known to the plaintiff who owned those bonds. The plaintiff did not seek to foreclose upon all the property of the district, but upon certain designated lots and tracts. Proper service was made to give the court jurisdiction of the owners. The plaintiff claimed the right to foreclose without making provision for the payment of bonds 1 to 5, which were of lower denomination than those of the plaintiff, but the court refused to enter a judgment unless provision was made for the payment of the bonds of lower number than those of the plaintiff. The judgment entered authorized the foreclosure by the plaintiff and provided that, in the event that he should be a bidder at the sale, he should pay over sufficient money to redeem bonds 1 to 5, when they should be called or presented for payment. It is this provision of the judgment that the plaintiff appeals from. He claims the right, since the bonds are in default and that they have not been called, to foreclose upon any of the property of the district that he may desire and that, in such foreclosure proceeding, he should not be required to make provision for the bonds of lower number.

Section 9404, Rem. Comp. Stat. [P. C. § 1039], provides that:

"If the city or town shall fail, neglect or refuse to pay said bonds or to promptly collect any of such assessments when due, the owner of any such bonds may proceed in his own name to collect such assessment and foreclose the lien thereof in any court of competent jurisdiction, and shall recover in addition to the amount of such bonds and interest thereon, five per centum, together with the cost of such suit. Any number of holders of such bonds for any single improvement may join as plaintiffs and any number of owners of the property on which the same are a lien may be joined as defendants in such suit."

Section 9407 [P. C. § 1042], among other things, contains this:

"Whenever there shall be sufficient money in any local improvement fund against which bonds have been issued under the provisions of this act, over and above sufficient for the payment of interest on all unpaid bonds, to pay the principal of one or more bonds, the treasurer shall call in and pay such bonds: Provided, that such bonds shall be called in and paid in their numerical order:"

In *State ex rel. Boyd v. Mills,* 133 Wash. 681, 234 Pac. 1042, construing § 9407, *supra,* it was held that local improvement bonds, payable only from the special fund derived from assessments of the property benefited, were payable in the order of their serial number notwithstanding the maturity of all the bonds prior to the issuance of any call. In Dillon on Municipal Corporations, vol. 2 (5th ed.), p. 1293, it is said:

"But when a judgment is recovered against the municipality on a warrant, the judgment as a general rule does not alter or destroy the priority of the holder of the warrant, or of the holders of other warrants on the fund. The remedies incident to the debt are carried into the judgment and are not lost or destroyed by merger; and, on the other hand, the rendition of the judgment does not entitle the judgment creditor to any priority over warrants which are by law entitled to prior payment."

That was written with reference to warrants, but, if the remedies incident to the debt are carried into the judgment when a warrant is involved, there is no reason why the same thing should not occur when the action is based upon bonds in the absence of anything in the statute showing a contrary legislative intention.

[1] Section 9404 gives the right to the bondholder to foreclose when the city has failed or neglected to collect assessments necessary to the payment of the bonds.

There is nothing in the statute which indicates an intention that, when the remedy there provided for is resorted to, it shall destroy the right of priority which exists as between bond holders of a lower and a higher number. This court with reference to warrants has adhered to the rule that they should be paid in the order of their issuance and number. *Northwestern Lumber Co. v. Aberdeen,* 22 Wash. 404, 60 Pac. 1115; *Quaker City Nat. Bank v. Tacoma,* 27 Wash. 259, 67 Pac. 710; *Perkins v. Sidney,* 103 Wash. 595, 175 Pac. 301; *Matapan National Bank v. Seattle,* 115 Wash. 596, 197 Pac. 789. In *State ex rel. Polson v. Hardcastle,* 68 Wash. 548, 124 Pac. 110, it was held that, under the statute requiring warrants to be paid in the order of their issuance, the holder of warrants suing to compel the city to provide funds for their payment did not acquire any preference over other prior warrants of the same class, although the holders thereof had not made any efforts to obtain like relief. There being nothing in § 9404 that requires a holding with reference to bonds different from that of warrants, it seems to us that the rule should be the same.

Whether the court should have required the appellant, in the event he was a bidder at the sale, to have provided sufficient money to take care of not only bonds of the lower number but also the interest on all outstanding bonds of that issue then unpaid, is a question not now before us, and no opinion will be expressed thereon.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.