Beals, J.
 

 (dissenting) — In the case of
 
 State ex rel. Boyd v. Mills,
 
 133 Wash. 681, 234 Pac. 1042, this court held that such local improvement bonds as those owned by appellant herein are payable in the order of their serial numbers and not
 
 pro rata,
 
 notwithstanding the
 
 *671
 
 fact that all the bonds of a district have matured prior to the issuance of any call of any of the bonds for payment, and notwithstanding the fact that the fund is insufficient in amount to pay all the bonds. It has therefore been held that the provision of § 7 of the act governing the issuance of such bonds, quoted in the majority opinion, to the effect that “such bonds shall be called in and paid in their numerical order,” continues to govern the order in which the bonds shall be paid, even after all the bonds of a district have matured.
 

 The question to be determined on this appeal is,- Do the other provisions of the section referred to, to the effect that, when there is sufficient money in any local improvement fund “over and above sufficient for the payment of interest on all unpaid bonds,” the same shall be applied,on the principal of the senior outstanding bonds in their numerical order, also apply to the situation as it exists after the maturity of the bond issue? This point was suggested in the case of
 
 Johnson v. McGraw,
 
 139 Wash. 139, 245 Pac. 915, the question being then expressly reserved for future determination.
 

 The fact that the law provides that coupons covering the interest on the bonds up to the maturity thereof shall be attached to the bonds is of itself no indication that it was the intention of the legislature that the bonds should bear no interest after maturity
 
 (Kendall v. Porter,
 
 120 Cal. 106, 45 Pac. 333, 52 Pac. 143; McQuillin, Municipal Corporations (2d ed.), vol. 6, § 2431), or that, if the bonds do bear interest after maturity, the payment of such interest should be postponed to the payment of the principal of all outstanding bonds.
 

 Appellant contends that the act of 1899, under which
 
 *672
 
 these bonds were issued, does not provide any adequate machinery for the payment of interest on the bonds after maturity and at the same time for the retirement of any unpaid bonds. While, in some cases, the method provided for raising funds may be inadequate in case a considerable portion of the assessment levied to pay for the bonds is unpaid and the fund becomes insolvent, still I cannot see that the machinery provided by the act for the raising of money to pay the bonds and interest is so entirely inadequate, when the question of paying interest on any unpaid bonds after maturity is concerned, that it can be held that it was the intention of the legislature that no such interest be paid. The act provides that the assessment shall bear interest “at 'a rate fixed by ordinance,” while the bonds shall “bear such interest as may be provided in such ordinance not exceeding eight per cent per annum.”
 

 Appellant argues that, notwithstanding this provision, the ordinance could not fix the rate of interest on the assessment at a higher rate than that borne by the bonds, as the assessment can only be levied in such amount as to pay the cost of the improvement. Without considering whether or not the city could by ordinance provide that the assessments, either before or after delinquency, bear a higher rate of interest than that borne by the bonds, in construing the act as a whole for the purpose of ascertaining the legislative intent, the abstract question of whether or not the power of the legislature was in all respects exercised in accordance with the constitution is not of primary •importance. The act also provides for the imposition of a five per cent penalty upon delinquent assessments. In my opinion, it must be held that the bonds bear interest after maturity, and it seems to me that it necessarily follows that the provisions of § 7 above
 
 *673
 
 referred to govern, and that snch interest must be paid on all outstanding bonds before any payment is made on account of the principal.
 

 In such cases as this, an unfortunate situation exists which will result in loss to some bondholders. I find no authority directly in point; but after careful consideration, and considering the general equitable rule that money pertaining to an insolvent fund should be prorated among all the creditors of the fund, as well as the decisions of this court above referred to, I am of the opinion that the questions at issue were correctly determined by the trial court, and that the money in the fund should first be applied to the payment of the interest on all outstanding bonds before being applied to the payment of the principal of any bonds.
 

 In my opinion, the judgment appealed from should be affirmed, and I accordingly dissent from the conclusion reached by the majority.
 

 Tolman, and French, JJ., concur with Beals, J.