[No. 27433. Department One. May 2, 1939.]

THE STATE OF WASHINGTON, *on the Relation of The National Bank of Commerce of Seattle, as Trustee, Respondent,* v. RALPH S. STACY, *as Treasurer of King County, Appellant.*[1]

[1]Reported in 90 P. (2d) 264.

*B. Gray Warner* and *Lloyd W. Shorett,* for appellant.

*Calhoun Shorts,* for respondent.

*Weter, Roberts & Shefelman* and *Victor D. Lawrence, amici curiae.*

MAIN, J.—This action involves the order or priority of payment between the holders of refunding bonds of commercial waterway district No. 1, in King county. Bonds were issued December 1, 1923, in the amount of $720,000. The proceeds of the sale of these bonds were to be used to retire bonds previously issued. As security for the refunding bonds, the waterway district levied an assessment on property within the district of 53.83 per cent of the total maximum benefits. 49.17 per cent of the total maximum benefits had been levied upon the issuance of the original bonds. It thus appears that the entire maximum benefits had been levied at the time refunding bonds were issued.

All of the bonds were of the denomination of five hundred dollars each, and were numbered 1 to 1440,

inclusive. All of the bonds matured December 1, 1935, but were payable before maturity, if called. Bonds numbered 1 to 933, amounting to $466,500, were called and paid prior to maturity. The remaining 507 bonds went into default on the maturity date. The bonds had attached interest coupons for twenty-four semi-annual installments. Prior to maturity, all the interest coupons had been paid. Subsequent to the maturity of the bonds, $45,500 was paid on the principal of the bonds outstanding, in their numerical order.

At the time this action was brought, the county treasurer had on hand approximately four thousand dollars, which he intended to apply towards retiring the bonds in numerical order. The Seattle National Bank of Commerce of Seattle held eleven thousand dollars worth of the refunding bonds of the district in trust, and these were numbered from 1389 to 1410, both numbers inclusive. It is reasonably certain that the higher numbered bonds, such as those that the bank holds, will never be paid. The county treasurer, as *ex-officio* treasurer of the water district, would pay out the money in his hands in redeeming the lower numbered bonds in their numerical order, as had been his practice previously, unless he was prevented from doing so by an order of the court.

The bank brought this action, seeking a writ of mandamus to require the treasurer to use the funds in his hands, first, in paying the claimed accrued interest on all of the outstanding bonds, and second, if any sum was available after making the payment of the interest, to apply it *pro rata* on the principal. The trial court sustained these contentions and entered a judgment to that effect, from which the treasurer appealed.

The first question is whether the funds available should be applied on the principal of the bonds

in their numerical order or pro rated upon all the outstanding bonds.

Rem. Rev. Stat., § 9776-8 [P. C. § 1372-8], which is one of the sections of the commercial waterway district law, provides that it shall be the duty of the county treasurer of any county in which there may be a district issuing refunding bonds, to call in for payment on each interest date as many of such bonds,

" . . . in numerical order, beginning with bond numbered (1) as can be paid out of the funds on hand for that purpose after deducting an amount sufficient to pay all interest then due on all unpaid bonds. . . . "

Here is an express direction that the bonds be paid in numerical order, beginning with the lowest number. For the time being, we shall pass the other clause, that with reference to deducting an amount to pay all interest then due on all unpaid bonds, and treat that question later herein.

In *State ex rel. Boyd v. Mills,* 133 Wash. 681, 234 Pac. 1042, 238 Pac. 581, it was held that local improvement bonds, payable only from a special fund derived from assessments upon the property benefited, were payable in the order of their serial number and not *pro rata,* notwithstanding the maturity of all the bonds prior to the issuance of any call and notwithstanding insufficiency of the fund to pay all the bonds. The language of the statute there being construed, requiring the bonds after maturity to be paid in their numerical order, is not materially different from the language of the statute which is now before us for construction, and the holding there would appear to be controlling. In *Johnson v. McGraw,* 139 Wash. 139, 245 Pac. 915, the holding in that case was adhered to.

The bank, however, in this case, says that there is an inconsistency between §§ 9776-8 and 9776-2 [P. C. §§ 1372-8, 1372-2]. In the latter section, referring to

refunding bonds, it is said that they shall mature twelve years from date of their issuance, but shall be payable before maturity "as hereinafter provided." The argument appears to be that that indicates that § 9776-8 should be construed as only applying to the bonds prior to maturity; in other words, it would be necessary, in adopting this argument, in effect to hold that there shall be written into § 9776-8 the words "before maturity." We see no inconsistency between the two sections, and obviously, the court cannot insert a limitation in the statute which the legislature did not place there.

The case of *Lucas v. First Nat. Bank of Pawnee,* 171 Okla. 606, 43 P. (2d) 752, is based upon a statute materially different from the statute of this state; and, in any event, if the statute were believed to be substantially to the same effect, that case would not be in harmony with the holdings of this court, above cited.

In support of its contention that the principal of the bonds should be paid *pro rata,* the bank invokes the equitable maxim that equality is equity; but that maxim is restricted in its application to situations or conditions where the parties are on the same footing. 21 C. J. 206, § 207; *First Nat. Bank v. Andrews,* 7 Wash. 261, 34 Pac. 913, 38 Am. St. 885; *Pacific Finance Corp. v. Snohomish County,* 160 Wash. 384, 295 Pac. 110. That maxim, however, is not here applicable, because the holders of the lower numbered bonds and the holders of the higher numbered are not upon the same footing, inasmuch as the statute gives to the former a prior right.

We now come to the question of interest. The statute (§ 9776-8), a part of which is above quoted, says that the bonds shall be paid in their numerical order from funds on hand after deducting an amount to pay all interest "then due on all unpaid bonds."

This presents the question of whether the refunding waterway district bonds draw interest after maturity and after all the interest coupons had been paid.

Rem. Rev. Stat., § 9776-3 [P. C. § 1372-3], provides that the amount to be assessed or levied against any land or property in the district "shall not in the aggregate exceed the amount of maximum benefits" which had been established against such land or property. Section 9776-7 [P. C. § 1372-7] provides that the assessments, when paid, shall be kept by the county treasurer "in a special fund" and used for the purpose of paying the principal and interest on the bonds. It thus appears from these two sections that no assessments can be made which exceed the maximum benefits, and the assessments, when paid, must be kept in a special fund. The bonds, being payable only out of a special or particular fund, do not draw interest unless the statute requires it. 19 R. C. L. 1029; *Meyer v. City & County of San Francisco*, 150 Cal. 131, 88 Pac. 722, 10 L. R. A. (N. S.) 110.

The statute in this state does not require the payment of interest after the bonds have matured and the interest coupons had all been paid. It only says that the principal is subject to the amount of the interest due on the bonds and unpaid. Inasmuch as interest was not allowed on the bonds by the statute after their maturity, it cannot be said that there was interest due and unpaid which should be taken care of before any of the funds were applied on the principal.

The respondent cites cases which hold that bonds which are a general obligation of a municipality draw interest after maturity and after the attached coupons had been paid. This raises the question whether local improvement bonds in this state are general obligations. There are cases from other jurisdictions, cited by the respondent, which hold that local improvement

bonds are a general obligation of the municipality, and if the assessments provided for are not sufficient to cover the entire payment, general taxes will be levied. That, however, is not the rule in this state. *Rhode Island Mortgage & Trust Co. v. Spokane,* 19 Wash. 616, 53 Pac. 1104; *Northwestern Lumber Co. v. Aberdeen,* 20 Wash. 102, 54 Pac. 935; *State ex rel. American Freehold-Land Mortgage Co. v. Tanner,* 45 Wash. 348, 88 Pac. 321.

In addition, if it be assumed that the bonds bear interest after maturity and after the coupons had all been paid, it does not appear to us that there is any substantial distinction between this case and the case of *State ex rel. Moses v. Walters,* 156 Wash. 664, 287 Pac. 874. In that case, it was held that the principal of outstanding local improvement bonds, which had been issued with coupons attached for the interest, all of which had been paid, was preferred to any interest accruing subsequent to the maturity of the bonds, if such interest did accrue. It was there assumed that the bonds bore interest after maturity, but the decision of the question was expressly reserved.

The judgment will be reversed, and the cause remanded to the superior court with direction to dismiss the action.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.