# Perry's Appeal.

Four mortgages of the same premises were executed, all of the same date, all recorded as of the same day, and each securing a bond for $300, being part of the purchase-money of the mortgaged premises, one of the bonds being payable in one year, and one of the others in each of the three years next succeeding. Before either was due, the *mortgage* first to become due was assigned, and about three months afterwards the other three *mortgages* were assigned to another person. The premises were sold, on a *vend. exp.*, issued on a judgment on the bond secured by the mortgage *first* assigned, for a sum insufficient to pay all of the bonds:

[Perry's Appeal.]

*Held*, that the net proceeds of sale of the mortgaged premises were distributable *pro rata* amongst the said assignees; the mortgage first assigned was not entitled to preference.

APPEAL from the decree of the District Court of *Allegheny county*.

This was an appeal by Mary Perry from a decree of distribution of certain proceeds of sale of real estate, sold on *vend. exp.* to April Term, 1853, in name of James Carnahan for use of William Dilworth *v.* Emanuel Dyer: issued on a judgment obtained on a mortgage bond. On 24th June, 1853, the sheriff paid into Court $337, stated to be the proceeds of sale.

A decree as follows, was made:—

" And now, July 23, 1853, it appearing to the Court, that the real estate sold by virtue of the above writ of *vend. exponas* was, at the time of the sale, subject to the lien of four mortgages, executed by the above defendant, Emanuel Dyer, *to* William McGilvery, bearing date Oct. 21, 1851, and recorded January 10, 1852, &c.; which said mortgages were given to secure the payment of three hundred dollars each, and were payable respectively, as follows, to wit: Oct. 21, 1852; Oct. 21, 1853; Oct. 21, 1854, and Oct. 21, 1855; being the purchase-money of said mortgaged premises. And, it further appearing, that the mortgage payable Oct. 21, 1852, was assigned by the said William McGilvery to the above-named plaintiff, James Carnahan (who sues for the use of William Dilworth, Jr.), on the 21st day *of May*, 1852; and that the other three mortgages were assigned by the said mortgagee to Mrs. Mary Perry (the purchaser of the said mortgaged premises, under the above writ of *vend. exponas*), on the 24th day *of August*, 1852. And it appearing to the Court, that the judgment upon which the writ of *vend. exponas* issued, was obtained upon the bond secured by the mortgage *first* becoming due, and payable and assigned as aforesaid (*prout record*), and that there are no other liens against the said premises, other than the mortgages aforesaid. It is therefore ordered, adjudged, and decreed, that the money arising from the sale of the said mortgaged premises, under and by virtue of the said writ of *vend. exponas*, and now in Court, be distributed as follows, viz.:

1st. To the payment in full of the debt and interest, and costs of the judgment in favor of Jas. Carnahan, for use of William Dilworth, Jr., No. 707, November Term, 1852, the same having been obtained upon the bond secured by the mortgage *first assigned*, and *first becoming payable* as aforesaid; and the residue thereof, if any, be distributed *pro rata* to the three mortgages assigned to Mary Perry, as aforesaid. And the prothonotary is directed to make the proper calculations of interest on the said debts respectively, to the day of sale, and ascertain the amounts thereof res-

[Perry's Appeal.]

pectively at said date, and pay the same in the above-mentioned order, to the parties entitled thereto, or their attorneys, within twenty days from the date hereof, unless, in the mean time, an appeal shall be taken by some of the parties interested, from the foregoing decree of distribution, pursuant to the statute.

It was assigned for error, that the Court erred in decreeing the money to the plaintiff; that it should have been distributed *pro rata* among the four mortgages.

*Hampton* and *Woods*, for plaintiff in error, cited Donley *v.* Hays, 17 *Ser. & R.* 400; 5 *Barr* 418, Mohler's Appeal. In Pennsylvania the assignment of a judgment does not imply a guarantee.

*Shinn* and *Alden*, contrà.—In the case of Donley *v.* Hays, there was but one mortgage, an entire security. In this case there were four distinct mortgages. In Mohler's Appeal, 5 *Barr* 418, the decision was placed on the ground of intention to share the proceeds of sale. In this case no such intention was manifested at the time of the first assignment; there was no reservation of a right to claim a *pro rata* share of the proceeds of sale of the mortgaged premises. The assignor was the mortgagee. All the mortgages were extinguished by the sheriff's sale.

The opinion of the Court was delivered, September 22, by

WOODWARD, J.—In Donley *v.* Hays, 17 *Ser. & R.* 400, a mortgagee holding seven bonds for instalments of the debt secured by the mortgage, assigned and transferred four and retained three of the bonds to himself; and on sale of the mortgaged premises, the fund produced being insufficient to pay the whole mortgage debt, it was held, by a majority of this Court, that there was no priority among the assignees, and no equity in their favor as against the mortgagee—that the word "assign" implied no guarantee—and that the several assignees and the mortgagee were alike entitled to come in and share the fund *pro rata* according to the bonds held by them respectively. Mr. Justice TODD supported these conclusions in a clear and well stated opinion, which, however, was somewhat shaken by the dissenting opinion of Chief Justice GIBSON, and afterwards almost overthrown by the formidable assault made upon it by Mr. Justice KENNEDY in Cowden's Case, 1 *Barr* 278. But in Mohler's Appeal, 5 *Barr* 420, Mr. Justice ROGERS said, with the acquiescence of the whole Court, that upon further examination and consideration they were persuaded Donley *v.* Hays was correctly ruled, and they adopted it as the law of the case they were considering. It has moreover been recognised in a variety of other cases, and implicitly followed in some of them: Betz *v.* Heebner, 1 *Penn. R.* 280; Caneghan *v.* Brewster, 2 *Barr* 43; Yarnell's Appeal, 3 *Barr* 364; Bank *v.* Chester, 1 *Jones* 290.

[Perry's Appeal.]

A doctrine that has been thus settled, vindicated, and followed, is entitled to respect from us, whatever we may think of the comparative value of the reasonings which have been urged for and against it. Were it an open question, we might possibly hold that successive assignees of fractional interests of an integral debt, were entitled to share in the pledged fund according to the order of the assignments; but we consider it settled law that there is no right of priority among them, and the only question is whether there is anything in the case before us to take it out of the rule.

The circumstance which distinguishes this case from Donley *v.* Hays, is that here mortgages instead of bonds were the subject of the assignments, but we think this does not affect the principle settled. When a mortgage debt is split into instalments, the most usual course is to take a bond for each instalment, and a mortgage as security for the sum of the bonds; but the transaction is essentially the same if a mortgage be taken for each instalment. Mortgages in Pennsylvania, though formal conveyances of land, are really only money securities like bonds, and may be assigned like other choses in action. When instalment bonds are assigned, they pass, by relation, an equivalent portion of the mortgage debt, but here a fourth of the mortgage debt was directly transferred by the assignment of each mortgage. The object and the result are the same in both instances, though attained more directly in the one than in the other.

Here the four mortgages were executed and recorded at the same time, describing the same land, and securing parts of the same debt; and upon the principle of Hays *v.* Donley, the assignees stand in equal equity in respect to the fund in contest. The court erred therefore in giving a preference to the first assignee, and the decree must be reversed, and the fund in court decreed to the assignees *pro rata.*