(December 12, 1901.)

# MURPHY v. RUSSELL & CO.

[67 Pac. 427.]

CHANGE OF VENUE.—Where a cross-complaint seeks to have a mortgage on real estate foreclosed, in an action brought to contest the foreclosure of a chattel mortgage, and moves for a change of venue on the sole ground that the real estate described in the mortgage is situated in another county, it is not error for court to deny the motion.

MULTIPLICITY OF SUITS.—Sections 4183-4185 of the Revised Statutes are intended to prevent a multiplicity of suits, and require a cause of action arising out of the transaction set forth in the complaint as a basis of plaintiff's claim, or connected therewith, to be set forth in the answer as a counterclaim, or in a cross-complaint, if the defendant desires to avail himself of such counter-claim or cause of action.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

I. N. Smith, for Appellants.

This action being one in which an answer was filed, would require the court to determine upon and to render a judgment upon all the issues within the pleadings. (Idaho Rev. Stats., sec. 4353.) The defendant is authorized to file a cross-complaint for affirmative relief, when such relief relates to or depends upon the contract or transaction upon which the action is brought or affects the property to which the action relates, as shown at section 4188 of the Revised Statutes of Idaho. (*Duggar v. Dempsey,* 13 Wash. 396, 43 Pac. 357.) See *Stevens v. Loan Assn.* (Idaho), 51 Pac. 779-986.) The district courts are courts of general jurisdiction; they are not limited in any case. Jurisdiction, once obtained, extends to all issues arising out of or connected with the contract or relating to or depending thereon. (Rev. Stats., sec. 4188; Pomeroy's Equity Jurisprudence, secs. 181, 231, 242; Idaho Const., sec. 20; Idaho Rev. Stats., secs. 3830, 4353.) It is incumbent upon the defendant to move for a change of venue; otherwise,

the jurisdiction to try the case in the county, where commenced, is vested by statute. (Idaho Rev. Stats., secs. 4120, 4121, 4124; *Vallejo v. Randall,* 5 Cal. 462.)

Ben. F. Tweedy, for Respondent.

If Russell & Co. had commenced an action in the district court in Nez Perces county to foreclose in one action the chattel and real estate mortgages, Mr. Murphy could not change the venue under section 4124, for the reason that the action would then have come within section 4123 of the Revised Statutes. (*Smith v. Smith,* 88 Cal. 572, 26 Pac. 356.)

SULLIVAN, J.—This is an appeal from a judgment dismissing appellants' amended cross-complaint, which will be hereafter referred to as the cross-complaint. The facts of the case are fully set forth in the case of *Murphy v. Russell,* decided at this term, and reported in ante, p. 133, 67 Pac. 421. This action was brought under the provisions of section 3396 of the Revised Statutes, to contest the foreclosure of a chattel mortgage, and this is an appeal by the respondents in that appeal. The appellants Russell & Co. filed a cross-complaint, whereby they sought to foreclose a real estate mortgage (executed by the plaintiff Murphy and his wife as additional security for the payment of the promissory notes given for the threshing-machine mentioned in the complaint) for the balance due thereon after the application of the proceeds received from the foreclosure of the chattel mortgage mentioned in the complaint. The real estate covered by said mortgage was situated in Idaho county, and this action was brought in Nez Perces county. After filing said cross-complaint, appellants Russell & Co. moved for a change of venue from Nez Perces county to Idaho county, where said real estate was located, which motion was denied. To the cross-complaint respondents Murphy and wife demurred. The demurrer was sustained, and the court entered judgment dismissing the cross-complaint, from which judgment this appeal was taken. Appellants assign as error the order of the court denying the motion for a change of venue.

*a*

The motion for a change of venue was based on the ground that the cross-complaint was filed for the purpose of foreclosing a real estate mortgage on land situated in Idaho county, the counsel for the appellants contending that the rights of Russell & Co. could not be adjudicated without a change of the place of trial to the county where the real estate involved was situated. In deciding said motion the court took the view that, as this action was only for the contest of a chattel mortgage foreclosure before the sheriff, the cause of action set up in said cross-complaint could not be tried in this suit, and for that reason denied the motion for a change of venue, and dismissed the cross-complaint. The respondents had the right to have the action to contest the foreclosure of said chattel mortgage tried in Nez Perces county, under the facts of this case. In other words, the appellants were not entitled to a change of venue to Idaho county simply because the real estate involved was situated in the latter county. The court, sitting in Nez Perces county, had jurisdiction to enter a decree foreclosing said mortgage, and the mere fact of the location in Idaho county of the real estate involved was not a sufficient cause for a change of venue. Under the provisions of section 4124 of the Revised Statutes, an action may be tried in any county where commenced, unless proper application is made for a change, and we think the case at bar is one in which the cross-complainant has not the absolute right to a change of venue because of issues made by his cross-complaint and answer thereto. This action was brought to contest the foreclosure of a chattel mortgage before the sheriff of Nez Perces county, and the real estate mortgage sought to be foreclosed by the cross-complainants was given to secure the same debt that said chattel mortgage was given to secure. Both mortgages were a part of the same transaction. That being true, the cross-complainants, who are appellants here, had a right to thus ask for a foreclosure of said real estate mortgage.

Sections 4183-4185 of the Revised Statutes are intended to prevent a multiplicity of suits, and to compel the settlement of all controversies and causes of action between the parties which arise out of, or are connected with, the transaction out

of which the plaintiff's cause of action arose. In *Stevens v. Association,* 5 Idaho, 741, 51 Pac. 779, this court held that said sections of our statute were intended to prevent a multiplicity of suits, and that a cause of action arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim or connected therewith, in favor of the defendant, must be set forth in the answer as a counterclaim, and could not be made the basis of another suit. As the real estate mortgage grew out of the sale of the threshing outfit to Murphy, and that transaction being the basis of this action, the appellants properly sought by their cross-complaint to foreclose said mortgage, and thus avoid another suit. The district courts of this state are courts of general jurisdiction, and after obtaining jurisdiction it extends to all issues arising out of or connected with the contract, or relating to or depending upon it, and the defendant may file his cross-complaint, if necessary to have such issues adjudicated. (Rev. Stats., secs. 3830, 4188, 4353; Idaho Const., sec. 20, art. 5.) The court had jurisdiction to foreclose the real estate mortgage sought to be foreclosed by the cross-complaint in Nez Perces county, and it was error to dismiss said cross-complaint. The trial court took the view that this was solely an action to contest the foreclosure of a chattel mortgage, and that the foreclosure of a real estate mortgage could not be set up by way of cross-complaint in said action. But under the provisions of our law, as interpreted by this court in *Stevens v. Association, supra,* the settlement of this entire controversy between the parties may be had in this suit, as it arose out of, and is connected with, the sale of said threshing-machine, and thus a multiplicity of suits are avoided. The respondents were seeking to cancel certain promissory notes, and to rescind a certain contract, and said notes were secured by said real estate mortgage, and under said decision last cited the appellants must apply in this suit to foreclose said mortgage, or lose their right secured thereby. Having properly taken jurisdiction of the controversy between the parties, it had jurisdiction to hear and determine the entire controversy. However, nothing that has been said in this opinion or in the opinion of *Murphy v. Rus-*

*sell, supra,* is intended to bar the respondent Murphy from setting up any defense that he may have in the action to foreclose said real estate mortgage.

The judgment of dismissal is reversed, and costs awarded to appellants.

Quarles, C. J., and Stockslager, J., concur.