(January 3, 1925.)

E. H. BERG, Respondent, v. CLEM CAREY and the COMMISSIONER OF COMMERCE AND INDUSTRY OF THE STATE OF IDAHO, as Receiver of the UNION STATE BANK, Defendants; C. W. BOOTH and K. G. OSTERHOUT, Appellants.

[232 Pac. 904.]

CHATTEL MORTGAGE — ACTION FOR FORECLOSURE AND CONNECTED RELIEF—VENUE—MOTION FOR CHANGE—COUNTY WHERE CHATTELS SITUATE—COUNTY OF DEFENDANT'S RESIDENCE—C. S., SEC. 6379—C. S., SEC. 6664.

1. Where part of the chattels covered by a mortgage have been converted by a third party, the mortgagee can foreclose the mortgage and seek relief on account of the conversion in one action.

2. An action to foreclose a chattel mortgage and obtain relief against one who has converted some of the mortgaged chattels is properly brought in the county in which the remaining chattels are situated and is triable in that county, not in the county where the defendant resides.

<hr>

Publisher's Note.

1. Classes of cases susceptible of consolidation, see notes in 58 Am. Dec. 508; Ann. Cas. 1913E, 1053.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Action to foreclose chattel mortgage and for conversion. Order denying motion for change of venue. *Affirmed.*

Perry W. Mitchell and Ezra R. Whitla, for Appellants.

When right to have the case removed is once shown it carries the entire case with it. (*Smith v. Smith,* 88 Cal. 572, 26 Pac. 357; *Ashurst v. Gibson,* 57 Ala. 584; *Strother v. Union Pac. Ry. Co.,* 220 Fed. 731; *Patterson v. Bucknall,* 203 Fed. 1021; *Boatmen's Bank of St. Louis, Mo., v. Fritzlen,* 135 Fed. 650, 68 C. C. A. 288.)

J. Ward Arney, for Respondent.

There can be but one action for the recovery of any debt secured by a mortgage upon personal property, which action must be in accordance with the provisions of the statute. (C. S., sec. 6949.)

Any mortgage of personal property when the debt is due may be foreclosed by action in the district court having jurisdiction in the county in which the property is situated. (C. S., sec. 6379.)

A mortgagee had the right to the trial of a personal property foreclosure in the county of the *situs* of the mortgaged chattels. (*Murphy v. Russell,* 8 Ida. 151, 67 Pac. 427.)

A trial court has wide discretion in decision upon venue. (*Gilbert v. Washington Water Power Co.,* 19 Ida. 637, 115 Pac. 924; *Lessman v. Anschustigui,* 37 Ida. 127, 215 Pac. 460; *Newman v. District Court,* 32 Ida. 607, 186 Pac. 922.)

It is proper to join foreclosure and conversion actions and necessary to bring in all parties claiming interest in the property. (*Bank of Roberts v. Olaveson.* 38 Ida. 223, 221 Pac. 560).

McCARTHY, C. J.—The first cause of action in the amended complaint sets forth a promissory note for $718

from defendant Clem Carey to respondent, secured by chattel mortgage duly recorded in Kootenai county, Idaho. It further alleges that the principal sum of the note is due and unpaid. For a second cause of action respondent alleges that the Commissioner of Commerce and Industry, as receiver of the Union State Bank, and appellants Booth and Osterhout wrongfully removed certain of the chattels covered by the mortgage from Kootenai county, and from the possession of the mortgagor Carey, that the value of the property so removed was $1,400, that respondent demanded the return of said property, which was refused. Respondent prays for judgment against defendant Carey for the principal of the note with interest, attorney fees and costs, and for a decree of foreclosure on that part of the property which remains in Kootenai county. He further prays that appellants Booth and Osterhout be required to pay to the clerk of the court the value of the property taken by them, and that respondent may satisfy out of the amount so deposited any deficiency remaining after foreclosure on the remaining chattels. Appellants filed a general demurrer and applied for a change of venue to Lewis county on the ground that they resided there. They made affidavit as to their residence in that county. They appeal from an order denying the change of venue.

Respondent has moved to strike appellant's brief because not filed within the time specified by Rule 45. It does not appear that the respondent suffered any prejudice thereby. Respondent also moves to strike the brief and dismiss the appeal on the ground that the original brief did not contain a specification of error as provided in Rule 42. This defect in the brief would never be ground for dismissing the appeal, but at most would be ground for striking the brief and affirming the judgment or order appealed from. One error is relied on and this is made clear in the body of the original brief. Therefore the failure to set out the specification of error in technical form is not fatal, and the brief should not be stricken. (*Noble v. Harris*, 33 Ida. 188, 190 Pac. 922.) Moreover, on the hearing appellant asked leave

to supply a specification of error in proper technical form. This is permitted as it does not appear that respondent will be injured thereby.

C. S., sec. 6664, provides that, except the cases mentioned in secs. 6661, 6662 and 6663, an action must be tried in the county in which the defendants or some of them reside. An action to foreclose a chattel mortgage is not mentioned in secs. 6661, 6662 and 6663, although an action to foreclose a real mortgage is. Sections 6665 and 6666 provide for change of venue. It is shown that appellants reside in Lewis county and not in Kootenai county, in which the action was brought. Appellants claim the case falls within the operation of sec. 6664 and the court erred in denying the motion for change of venue.

The action is primarily one to foreclose a chattel mortgage, joining an action in conversion against parties who are alleged to have converted part of the chattels covered by the mortgage and removed them from the county. This joinder was proper in order to avoid multiplicity of actions. (*Bank of Roberts v. Olaveson,* 38 Ida. 223, 221 Pac. 560.) Since respondent had a chattel mortgage he could not sue on the debt but was forced to foreclose his mortgage. There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which is an action for foreclosure. (C. S., sec. 6949; *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63.) Respondent could not foreclose on the chattels which remained in Kootenai county, and bring a separate action for conversion of the other chattels. (*Cederholm v. Loofborrow,* 2 Ida. 191, 9 Pac. 641.)

What was the proper venue of such an action? C. S., sec. 6379, provides:

"Sec. 6379. Any mortgage of personal property, when the debt to secure which the mortgage was given is due, may be foreclosed by notice and sale as hereinafter provided, or it may be foreclosed by action in the district court having jurisdiction in the county in which the property is situated."

Respondent brought his action of foreclosure in the county

in which that part of the property which had not been converted was situate, to wit, Kootenai county. This was also the county in which the note and mortgage were given and were payable. This court has held:

"Where a cross-complaint seeks to have a mortgage on real estate foreclosed, in an action brought to contest the foreclosure of a chattel mortgage, and moves for a change of venue on the sole ground that the real estate described in the mortgage is situated in another county, it is not error for court to deny the motion." (*Murphy v. Russell & Co.,* 8 Ida. 151, 67 Pac. 427.)

This decision holds in effect that where an action for foreclosure of a chattel mortgage or to contest its foreclosure is brought in the proper county, to wit, the county in which the mortgaged chattel is situate, the action is primarily one for foreclosure of the chattel mortgage and the venue will not be affected by the fact that other relief is asked by some of the parties which, if it were the only relief asked, would be ground for transferring the venue elsewhere. In *State v. Jones,* 34 Ida. 83, 199 Pac. 645, it was held that a particular statute providing that the venue in a certain class of actions should be in a certain county prevailed over the same general statute which is invoked here, to wit: C. S., sec. 6664, upon the principle that a particular statute will prevail over a general one in case of necessary conflict. We conclude that this same principle operates in the present case. The particular statute, C. S., sec. 6379, providing that the chattel mortgage shall be foreclosed in the county in which the property is situated prevails over the general statute relied on by appellants. It applies not only to the remedy of foreclosure, but to any other connected remedy arising out of the mortgage. The remedy sought against appellants is of that nature. Since part of the chattels covered by the chattel mortgage remained in Kootenai county, it was proper to foreclose by action in that county. (C. S., sec. 6379.) C. S., sec. 6664, does not apply.

Appellants contend that C. S., sec. 6379, applies only to a case where the only purpose of the action is to foreclose a

chattel mortgage, and not to a case like the present where other relief is sought, citing *Smith v. Smith,* 88 Cal. 572, 26 Pac. 357, and *Ashurst v. Gibson,* 57 Ala. 584. For the reasons given above we cannot place such a construction on our statute.

The order denying the motion for a change of venue is affirmed, with costs to respondent.

William A. Lee and Wm. E. Lee, JJ., concur.