## LOUIS J. WEEKS v. JESSE A. WEEKS.[1]

February 13, 1925.

No. 24,418.

**Division of proceeds of sale on foreclosure of mortgage.**

1. Where land is sold under foreclosure of a mortgage, two or more parties being interested therein, the proceeds will be divided pro rata according to the interests of the parties as they appear, but one may be given priority by contract.

**When unpaid vendor is given priority over vendee in default.**

2. In such a case, an unpaid vendor has priority as against a defaulting vendee to the extent of the unpaid purchase price.

*Headnote 1. See Mortgages, 27 Cyc. p. 1765.
Headnote 2. See Mortgages, 27 Cyc. p. 1766.

[1]Reported in 202 N. W. 277.

Action in the district court for Itasca county for an accounting. The case was tried before Stanton, J., who dismissed the action. From the judgment, plaintiff appealed. Affirmed.

*Howard W. Anderson,* for appellant.

*J. W. Gardner* and *W. B. Taylor,* for respondent.

STONE, J.

Action for an accounting and other relief demanded by plaintiff in connection with transactions involving a quarter section of North Dakota land. After trial by the court and a decision denying him any relief, plaintiff appeals from the judgment.

The parties are brothers. In 1917 defendant, the elder, sold the land to plaintiff "on contract," subject to a mortgage for $2,500. In 1919 plaintiff resold the premises and prevailed upon defendant to convey to Poppe, the purchaser, subject to the old mortgage of $2,500 and to join him in accepting Poppe's notes, in the sum of $3,300, in part payment of the new purchase price. These notes were so accepted and secured by Poppe's mortgaging the land to defendant subject to the prior mortgage. At this time there remained due defendant from plaintiff, on account of the latter's original purchase, $1,800.

Here there is a divergence in the evidence, but it prevents successful attack now upon the finding that the brothers agreed that the notes of Poppe, aggregating $1,800, "would be accepted and retained by defendant as and for the balance of the purchase price of said premises, and that the two other notes would be forthwith transferred by defendant to plaintiff; and it was then the intention of plaintiff and defendant that the said $1,800 note, representing the remainder of the purchase price of said premises, would constitute and be a first lien under said mortgage."

The premises were conveyed to Poppe by defendant who, in 1923, because of Poppe's default under the second mortgage, sold the premises under foreclosure. Defendant bid in the land for $2,536.91, considerably less than the amount then due from Poppe but the exact sum then due him under his agreement with plaintiff, $1,800 (the unpaid portion of the original purchase price agreed to be paid

by plaintiff), accrued interest thereon, interest paid by defendant on the first mortgage in order to protect his own and the costs of foreclosure. The foreclosure was by action and defendant now has a judgment against Poppe for the deficiency of the mortgage debt, including its trimmings of interest, taxes and costs. Defendant owns the land, no redemption having been made. Plaintiff's effort has been, by this action, to compel defendant to account for and pay over to him his supposed proportionate share of the amount nominally realized at the foreclosure sale. Because that purpose was thwarted by the judgment, the latter is brought here for review. At the trial defendant formally offered to assign to plaintiff the deficiency judgment against Poppe and to convey the land upon payment of the amount of his equity, $1,800 plus admitted interests, taxes and disbursements.

We approve of the decision below and for the reasons assigned by the learned trial judge. The first is the rule that where several notes, maturing at different dates but secured by one mortgage, come into the hands of different holders and the proceeds of a foreclosure are insufficient to pay all in full, division will be made pro rata, unless there is a contract requiring a different distribution. If there is such a contract it will control "The order in which several notes or instalments, secured by one mortgage, shall be paid out of the proceeds of the security, is entirely a matter of contract." Wilson v. Eigenbrodt, 30 Minn. 4, 13 N. W. 907; Hohag v. Northland Pine Co. 147 Minn. 38, 179 N. W. 485.

The second stated basis for the decision is that the "$1,800 note retained by defendant represented the purchase money of the land. It was therefore clothed with all the equities" existing in favor of an unpaid vendor. No vendor's lien, in the accurate sense, is involved. It is simply a case of a vendor's right to keep enough of the proceeds of land to pay what was due him on account of the purchase price which his adversary was owing. Rosendahl v. Mudbaden S. S. Co. 144 Minn. 138, 175 N. W. 609. Defendant, in tendering conveyance of the land and assignment of the Poppe judgment upon condition of the payment to him of his just due, offered to do equity. Plaintiff is not in so favorable a light. The judgment is right and must be affirmed.

So ordered.