(No. 4617.  May 19, 1927.)

W. G. JENKINS & CO., Bankers, Respondent, v. INA N. ANTHES GREENE and GEORGE A. GREENE, Husband and Wife, THE NATIONAL BANK OF IDAHO AT POCATELLO, a Corporation, Appellants.

[256 Pac. 950.]

ACTIONS — COLLATERAL — ASSIGNOR PROPERLY JOINED — PLEDGES — RECOVERY OF PROPORTIONATE SHARE—GENERAL DUTIES OF HOLDER— FORECLOSURE—NO RESPONSIBILITY FOR FULL PAYMENT—PURCHASER TO SHARE IN EXPENSE.

1.  Purchaser of one of notes secured by collateral in bringing action on notes properly joined assignor to obtain share of amount realized in foreclosure of collateral, so it might be subjected to liquidating or at least reducing indebtedness sued on.

2.  Where holder of notes secured by collateral notes and mortgage after sale of one of such notes secured thereby foreclosed collateral without notice to purchaser, the purchaser is not entitled to full payment, but only to *pro rata* share of amount recovered by assignor on security.

3.  General duties resting upon holder of notes secured by collateral in foreclosing without notice to purchaser of one of

notes secured thereby are that it must act in good faith and have reasonable grounds for its action.

4. In absence of any allegation or proof that harm resulted to purchaser of one of notes secured by collateral because of foreclosure by assignor without notice to purchaser, assignor does not because of its dereliction in failing to notify purchaser become responsible for full payment of the obligation.

5. Where holder of notes secured by collateral foreclosed after sale of one of notes secured thereby, purchaser on recovering *pro rata* share of amount received on foreclosure must contribute proportionate share of expenses of foreclosure proceedings.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County.   Hon. Ralph W. Adair, Judge.

Action on note.   Judgment for respondent.   *Affirmed in part and modified in part.*

Jones, Pomeroy & Jones, for Appellants.

There is a misjoinder of causes of action where there is united in the same complaint an action against one defendant in tort and against another defendant in contract, particularly where each cause of action does not affect both parties. (*Kruger v. St. Joe Lumber Co.*, 11 Ida. 504, 83 Pac. 695; *Beane v. Givens*, 5 Ida. 744, 51 Pac. 987; *Johnson v. Kirby*, 65 Cal. 482, 4 Pac. 458; *Buell v. Dodge*, 79 Cal. 208, 21 Pac. 735; *Jasper v. Hazen*, 2 N. D. 401, 51 N. W. 583.)

Intent is a necessary element of conversion and one cannot be held for conversion without proof of an intent to convert the property to his own use. (38 Cyc. 2010; *Merz v. Croxen*, 102 Minn. 69, 112 N. W. 890; *Himmelman v. Des Moines Ins. Co.*, 132 Iowa, 668, 110 N. W. 155.)

Attorney's fees are not recoverable as damages in a conversion suit. (*Roy v. Clark* (Mont.), 215 Pac. 232.)

Publisher's Note.
See Actions, 1 C. J., sec. 257, p. 1094, n. 67.
Pledges, 31 Cyc., p. 866, n. 37 New, 39, p. 877, n. 72.

"Where the payee of a note for which collateral has been pledged transfers the note by indorsement, but retains possession of the collaterals, he holds the collaterals as trustee for the holder of the note." (*Ramboz v. Stansbury,* 13 Cal. App. 649, 110 Pac. 472.)

In an action to enforce a trust or for breach thereof, the pleadings must clearly allege the existence of the trust and the facts constituting the breach of trust. (*Perreau v. Perreau,* 12 Cal. App. 122, 106 Pac. 728; *Applegarth v. McQuiddy,* 77 Cal. 408, 19 Pac. 692.)

Where recovery is sought for breach of trust, a demand is a condition precedent to the right to maintain the action and must be alleged and proved. (*Burke v. Maguire,* 154 Cal. 456, 98 Pac. 21.)

In an action against the trustee for an accounting, the trustee is entitled to an opportunity to comply with his duty before being subjected to a suit against him. (*Way v. Shaver,* 2 Cal. App. 650, 84 Pac. 283; 39 Cyc. 595; *Blackburn v. Fitzgerald,* 130 Ala. 584, 30 So. 568; 26 R. C. L., sec. 205, pp. 1340, 1341; 2 Perry on Trusts, sec. 843, and footnote 3.)

Where a trustee at foreclosure sale, without authority to do so, bids in the trust property in his own name for the use and benefit of the *cestuis que trustent,* he is not liable to account for and pay to the beneficiaries the amount for which the property was bid, as the measure of his ability is to account for the specific property or in case of subsequent wrongful conversion for its value or its proceeds. (*Mareck v. Minneapolis Trust Co.,* 74 Minn. 538, 77 N. W. 428.)

In no case will a trustee be held for more than he receives, if he is in no fault and has committed no breach of the trust. (2 Perry on Trusts, sec. 848.)

J. H. Peterson and T. C. Coffin, for Respondent.

The complaint in this action properly charges both the makers of the note, the Greenes, and the National Bank of Idaho, and does not improperly join either parties of the

causes of action.   (*Bank of Roberts v. Olaveson,* 38 Ida. 223, 221 Pac. 560.)

The plaintiff bank herein became entitled to the possession of all the collateral securing the Greene note which it held, and even though the National Bank of Idaho, the respondent, did not deliver that collateral with the note, nevertheless the National Bank of Idaho held the collateral as trustee for the plaintiff bank. (*Perry v. Parrott,* 135 Cal. 238, 67 Pac. 144; *Ramboz v. Stansbury,* 13 Cal. App. 649, 110 Pac. 472; *Duncan v. Hawn,* 104 Cal. 10, 37 Pac. 626; *Church v. Swetland,* 243 Fed. 289; *Edwards v. Bay State Gas Co.,* 184 Fed. 979.)

Where a mortagee holds a series of notes secured by a single mortgage, and assigns one of those notes for value, the assignee is entitled to a preference payment out of the proceeds of the collateral. The same rule applies to the case of a person to whom all of a series of notes have been assigned, and who afterwards assigns one of the series. The assignor, under such circumstances, cannot compete with his assignee in the proceeds of the mortgaged property. To permit the prorating of the proceeds under such circumstances would be inequitable. A trustee, under the circumstances stated, is not a guardian, and one of the incidents of the trusteeship is consultation with and information to its beneficiary. Holding the beneficiary in ignorance of the existence of the collateral is a violation of the trusteeship. (3 Pomeroy's Equity Juris., 3d ed., sec. 203; *Lawson v. Warren,* 34 Okl. 94, Ann. Cas. 1914C, 139, 124 Pac. 46, 42 L. R. A., N. S., 183; *Bartdull v. Herwig,* 30 La. Ann. 618; *Roberts v. Mansfield,* 32 Ga. 228; *McClintic v. Wises, Admr.,* 25 Gratt. (Va.) 448, 18 Am. Rep. 694; *Stevenson v. Black,* 1 N. J. Eq. 338; *Waterman v. Hunt,* 2 R. I. 298; *Warden v. Adams,* 15 Mass. 233; *Cullum v. Erwin,* 4 Ala. 452; *Alden v. White, Admr.,* 32 Ind. App. 393, 68 N. E. 913; 32 Ind. App. 671, 102 Am. St. 261, 66 N. E. 509, 67 N. E. 949.)

GIVENS, J.—The National Bank of Idaho held the notes of Ina N. Anthes Greene and George A. Greene in the sum

of $45,122.07 and as collateral therefor, notes and a mortgage of the Pocatello Milling and Elevator Company in the same amount. The aggregate Greene indebtedness created an excess loan and for that reason $24,000 of the Greene paper was transferred without recourse to D. W. Standrod & Company, at Blackfoot, which bank in turn sold one note in the denomination of $10,000 to W. G. Jenkins & Company. The court found on conflicting evidence that in the transfer to the Standrod Bank and in turn to the Jenkins bank they were not informed that this note was collaterally secured by a proportionate share of the mill notes and mortgage. On the other hand, appellants and respondent both take the position that it was so secured and that The National Bank of Idaho held such security as trustee for the Jenkins bank. Thereafter The National Bank of Idaho foreclosed the mortgage against the mill property and there being no cash bidders the property was purchased by and in the name of The National Bank of Idaho, together with other interested parties, whose connection herewith is immaterial, and a deficiency judgment was entered. Thereafter The National Bank of Idaho offered respondent an undivided 5.72 per cent interest in the property foreclosed on, and in the deficiency judgment, the same being a *pro rata* share, based upon the relation of the $10,000 to the total collateral security and the indebtedness secured thereby, on condition that respondent reimburse appellant for respondent's share in the expense of the litigation, amounting to $350.86, which offer was refused.

Respondent brought suit against the Greenes for the amount of the note, interest, attorney's fees and costs, and against The National Bank of Idaho for the same and conversion of the collateral security, claiming that it was entitled to full payment of its note out of the collateral and not merely a *pro rata* share.

No damage, injury, fraud or wrong was alleged or proven because The National Bank of Idaho had not advised respondent that the appellant bank held collateral security for the note in question, the court concluding as a basis for

the entry of judgment against the appellant bank for the full amount of the note and not for respondent's *pro rata* share of the collateral realized upon, as follows, which finding was based upon the allegations of the complaint:

"That on March 30th, 1923, at a time when the action for the foreclosure of the mortgage given by The Pocatello Milling & Elevator Company to the Citizens Bank & Trust Company and others as hereinbefore was pending, and more than three months prior to the trial of said foreclosure action, the defendant The National Bank of Idaho at Pocatello received actual notice that the plaintiff herein was the owner and holder of the note set forth and described in these Findings of Fact and the said National Bank of Idaho at Pocatello did not then, nor at any subsequent time, advise the said plaintiff or any of its officers of the security back of the said note so held by plaintiff or any of its officers of the pendency of the said foreclosure action and that the said defendant The National Bank of Idaho at Pocatello, did not at any time until after the sale on foreclosure in said action, notify the said plaintiff of the said security back of the said note held by the plaintiff as aforesaid and did not notify the said plaintiff of any action which it the said defendant, was taking with respect to the same."

[1] There are two issues of law involved; the first, one of pleading and practice, as to whether there was a misjoinder of parties and causes of action in that the Greenes are liable only as makers of the note in question and The National Bank of Idaho is sued for conversion. In *Bank of Roberts v. Olaveson,* 38 Ida. 223, 221 Pac. 560, the holding therein being sustained in *Berg v. Carey,* 40 Ida. 278, 232 Pac. 904, suit was brought to foreclose a chattel mortgage, an equity action based on contract, and against certain of the parties for the conversion of the property covered by the mortgage, and this court held there was no misjoinder. Herein the action was to obtain respondent's share of the collateral security so it might be subjected to liquidating or at least reducing the indebtedness sued on and no independent action of conversion, as such, though so named, was plead or

proven. In effect this was an equity action, no different in principle as to joinder of parties or alleged joinder of causes from *Bank of Roberts v. Olaveson* and *Berg v. Carey, supra.*

[2] The second issue is whether respondent is entitled to full payment rather than its *pro rata* share. The respondent so claims on two grounds; first, because as purchaser of one of a series of notes it can assert a preference as against the original holder of the entire series, both because of the equities of that situation considered by itself and also judging from the allegations of its complaint and the finding of the trial court above set forth, that the trustee had so violated its trust by not consulting with the *cestui que* prior to the foreclosure suit as to become liable itself for the payment of the debt, the conclusion based upon such finding being as follows:

"The said defendant, National Bank of Idaho at Pocatello, in proceeding to the foreclosure of the security and in purchasing the property covered by the mortgage of the Pocatello Milling & Elevator Company at foreclosure sale, acted upon its own responsibility, and in failing to acquaint the plaintiff herein or cause the plaintiff to be acquainted with the facts respecting the said collateral security, it made itself liable to the said plaintiff herein for the amount due the plaintiff from the defendants, Ina N. Anthes-Greene and George A. Greene, as aforesaid, for which the said security was held as collateral and the Court further concludes that The National Bank of Idaho at Pocatello, having been the owner and holder in its own right of all of the collateral security herein involved and having sold for value one of the series of notes for which the said collateral was security, and the plaintiff herein having become the owner of the said note and the said defendant, The National Bank of Idaho at Pocatello, having purchased the said property covered by the mortgage which was part of the said collateral security at foreclosure sale for an amount in excess of the amount due the plaintiff herein as hereinbefore set forth, that for the *reasons aforesaid,* the said defendant, The National Bank of Idaho at Pocatello, is indebted to the

plaintiff herein in the amounts due to the plaintiff from the said defendants, Ina N. Anthes-Greene and George A. Greene, and that the plaintiff is entitled to have judgment against the said defendant, The National Bank of Idaho at Pocatello, for said amounts."

"Reasons aforesaid" evidently referring to "acted upon its own responsibility, and in failing to acquaint the plaintiff herein . . . . respecting the said collateral security. . . . . ,,

[3]   With respect to the last proposition respondent cites several cases to the point that one of the incidents of the trusteeship was consultation with and information to its beneficiary and that holding the beneficiary in ignorance of the existence of the collateral was a violation of the trusteeship.   These cases do not pass upon that point but hold merely that an assignee of one of a series of notes is not required to prorate with the original holder, who had retained some of the series.   As pointed out above there was no allegation or proof that respondent had suffered any loss or that appellant bank had gained any advantage by failure to notify or consult respondent.   In the absence of more specific authority the general duties resting upon a trustee are that it must have acted in good faith and there must have been reasonable grounds for its action.   (*In re Sherman,* 180 App. Div. 196, 167 N. Y. Supp. 682; *McClure v. Middletown Trust Co.,* 95 Conn. 148, 110 Atl. 838; *In re Kline's Estate,* 280 Pa. 41, 32 A. L. R. 926, 124 Atl. 280; *Kimball v. Whitney,* 233 Mass. 321, 123 N. E. 665; *Winder v. Nock,* 104 Va. 759, 52 S. E. 561, 3 L. R. A., N. S., 415; *Reynolds' Ex. v. Pettyjohn & Als,* 79 Va. 327.)   There also rested upon the appellant bank as trustee the imperative duty to diligently collect the collateral when due and apply the proceeds (31 Cyc. 829),  [4]   and in the absence of any allegation or proof that any harm resulted from the course of action pursued by the appellant bank there is not sufficient justification for the conclusion that the appellant bank was so far derelict in not notifying the *cestui que* as to thereby become responsible for the payment of the obligation.

As being entitled to full contribution and not being relegated to a *pro rata* share respondent relies upon *Lawson v. Warren,* 34 Okl. 94, Ann. Cas. 1914C, 139, 124 Pac. 46, 42 L. R. A., N. S., 183, which lays down the rule contended for by respondent. The Oklahoma case gives the following illustration:

"Say that the mortgagee holds two notes for $1,000 each. He assigns one of them for value. The property securing their payment only brings $1,000, or enough to pay one note. If the mortgagee shares in the proceeds he will get out of the debt $1,500, the $1,000 he received for the first note and the $500 he receives from the proceeds of the mortgaged property, while the assignee for half the debt only receives $500. The mortgagee would thus receive more than if he had kept both notes. This is not right."

The court, however, did not take into consideration the fact that the mortgagee or assignor if he had retained both notes would have had $2,000 invested, and receiving all the security, would have received $1,000 and would have lost half the investment. If the Oklahoma rule is followed, one note having been transferred, the assignee receiving all the security would lose nothing, while the mortgagee or assignor would lose $1,000. If, however, the contrary rule were followed each would receive 50 per cent of the security and their loss would be equal in proportion to the amount of their share of the money invested. In other words, if we have two notes of $1,000 each secured by a mortgage in the same sum and one note is sold, then the mortgagee and the assignee each have $1,000 invested. If the security brings in $1,000 and it is divided equally each loses $500. If the Oklahoma rule is followed the mortgagee loses $1,000 and the assignee loses nothing. It is obvious that the *pro rata* rule is the equitable rule and is supported by the better and greater weight of authority, some of which are as follows: *Dixon v. Clayville,* 44 Md. 573; *Perry's Appeal,* 22 Pa. 43, 60 Am. Dec. 63; *McCurdy v. Clark,* 27 Mich. 445; *Cage v. Iler,* 5 Smedes & M. (Miss.) 410, 43 Am. Dec. 521; *Delespine v. Campbell,* 52 Tex. 4; *Kissire v. Plunkett-Jarrell Grocer Co.,*

103 Ark. 473, 145 S. W. 567; *Nashville Trust Co. v. Smythe,* 94 Tenn. 513, 45 Am. St. 748, 29 S. W. 903, 27 L. R. A. 663; *Hutchins v. Reinhalter,* 23 R. I. 518, 51 Atl. 429, 58 L. R. A. 680; *Weeks v. Weeks,* 162 Minn. 93, 202 N. W. 277; *Commerce Bank v. Jackson,* 7 S. D. 135, 63 N. W. 548; *First Nat. Bank v. Andrews,* 7 Wash. 261, 38 Am. St. 885, 34 Pac. 913.

[5]    The question of respondent's contribution to the expenses of the foreclosure proceedings is directly involved and the appellant bank was entitled to receive the same. (*McClure v. Middletown Trust Co., supra.*)

The judgment in favor of respondent and against the Greenes is affirmed; the judgment in favor of respondent against appellant The National Bank of Idaho is modified as follows: It is ordered that judgment be entered decreeing that appellant hold as trustee for respondent 5.72 per cent of the proceeds of the previous foreclosure, including the deficiency judgment entered therein, and that such share be sold in the manner provided for sales of property under foreclosure and the proceeds thereof applied in payment of the $350.86, respondent's proportionate share of the cost of the previous foreclosure, and the judgment for $10,000, attorney's fees and costs against the Greenes; a deficiency judgment against the Greenes in favor of respondent to be entered for the balance.

Costs awarded to appellants.

Taylor and T. Bailey Lee, JJ., concur.