## TOOTLE-CAMPBELL DRY GOODS CO. v. MOUNTS et al.

No. 10451—Opinion Filed May 29, 1923.

(Syllabus.)

**1. Contracts — Construction — Question of Law.**

Where a written contract is clear, explicit, and unambiguous, it is the duty of the court to construe it.

**2. Bills and Notes—Construction of Installment Note—Interest.**

A note which provides that it is payable

in installments "with interest at 6 per cent. upon each payment as they become due" should be costrued to mean that interest is chargeable upon the entire principal from the date of the note; such interest, however, is not due and payable except as each installment of the principal becomes due the interest on each installment also becomes due.

**3. Payment — Partial Payments —Application—Interest.**

Where partial payments are made, the rule is to. apply the payments in the first place to the discharge of the interest then due, and the remainder on the principal.

**4. Bills and Notes—Construction of Note— Computation of Interest.**

On a note which provides for the payment of 8 per cent. interest per annum from date until paid, and "if this note is not paid when due, it shall bear interest thereafter at the rate of 10 per cent, payable semi-annually," interest should be figured on the entire principal from date to maturity at 8 per cent. but such interest becomes due only upon maturity of the note, and after maturity interest should be figured at 10 per cent. and becomes due semi-annually.

**5. Same—When Interest Due.**

Where a note provides for the payment of a certain rate of interest per annum, it only fixes the rate to be paid, and has no reference to the time when such interest should be paid, and, consequently, interest so reserved becomes due and payable only with the principal.

**6. Chattel Mortgages — Stock of Goods — Conduct of Business by Mortgagee—Payment of Employes as "Expenses."**

Where a mortgage is given on a stock of dry goods and provides for the mortgagee to have possession thereof and to conduct the business, and it is agreed that the mortgagee shall receive all money derived from sales or otherwise in the course of the conduct of the business, and. shall apply all such money toward the payment of debts secured thereby except such as may be used in paying the expense of operating said business and purchasing new goods for stock, and where the mortgagee employs persons to manage such business, the salary of such employes is properly chargeable as expense of the business if their employment was reasonably necessary in the proper operation of such business.

**7. Trial—Insufficiency of Instructions—Reversible Error.**

The giving of instructions which consist of correct abstract propositions of law but have no special reference to the particular issues involved in the case on trial is not in compliance with section 5002, Rev. Laws 1910, which requires the court to give general instructions to the jury; and, where instructions consist of such abstract propositions of law but no specific instructions on the law applicable to the particular issues involved are given, the same constitutes reversible error.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Kate L. Mounts and Jno. H. Mounts against the Tootle-Campbell Dry Goods Company and another to cancel notes and mortgages. Judgment for plaintiffs, and defendant named brings error. Reversed and remanded, with directions.

W. C. Hughes, for plaintiff in error.

P. Mounts, for defendants in error.

COCHRAN, J. This action was commenced by the defendants in error for the cancellation of certain notes and mortgages which had been executed to the plaintiff in error, Tootle-Campbell Dry Goods Company. The parties will hereinafter be referred to as plaintiffs and defendant as they appeared in the trial court.

The plaintiffs admitted the execution of the notes and mortgages, but alleged that they had been fully paid. Defendant, Tootle-Campbell Dry Goods Company, denied that the indebtedness represented by the notes and mortgages had been paid in full, but admitted that the notes were entiled to certain credits which were set out in the answer and cross-petition, and asked for judgment on the notes and foreclosure of the mortgages. The case was tried to a jury and resulted in a verdict for the plaintiffs, from which the defendant has prosecuted this appeal.

There appears to be no controversy about one note for $5,000, but the controversy grows out of the application of payments which were made on the other notes. One of those notes was for the principal sum of $19,200, payable in 48 installments of $400 each, $400 payable on the 5th day of November, 1910, $400 payable on the 20th day of November, 1910, and $400 payable on the 5th and 20th day of each month until the entire sum was fully paid, and the note contained the following provision as to interest: "With interest at 6 per cent. upon each payment as they become due"; and four promissory notes, one for the principal sum of $9,660, due May 1, 1914; one for the principal sum of $3,220, due October 1, 1914; one for the principal sum of $1,610, due November 1. 1914; and one for the principal sum of $1,610, due December 1, 1914. Each of these notes contained the following provision as to interest:

"With interest at the rate of 7 per cent. per annum from date until paid, for value received. If this note is not paid when due, it shall bear interest thereafter at the rate of ten per cent. payable semi-annually."

It appears that the defendant at the time of the numerous payments on these several notes figured interest on the principal sum and applied the payments to the extinguishment of the interest first, and any balance was applied on the principal. As to the $19,200 note, the plaintiffs contend that no interest was due except upon delinquent payments, no interest whatever being due on such portion of the principal as was not delinquent; but, in any event, even though interest was charged on the entire principal, that the payments should have been first applied on the principal; and it is also contended by the plaintiffs that the payments on the other four notes should have been applied on the principal instead of being applied first in payment of the interest and the remainder on the principal. It also appears that at the time of the execution of the four notes, a chattel mortgage on a stock of dry goods was executed to the defendant, and the mortgage contained the following provision:

"The possession of all of the above described stocks of goods, wares and merchandise, and the above described furniture and fixtures, together with all goods, wares, and merchandise which shall be added thereto in accordance with the foregoing provision hereof, is hereby and herewith delivered to the mortgagee; and the said mortgagee is hereby authorized to take and to hold possession of the same by and through such agent or agents as it may from time to time see fit to place in charge thereof during the life of this mortgage.

"It is understood and agreed that the mortgagee shall receive all money derived from the sales or otherwise, in the course of conducting all business as above provided and shall apply all such money toward the payment of the debt which is secured hereby, except such as may be used in paying the expenses of operating the said business and in purchasing new goods, wares and merchandise to be added to the above described stock of goods, wares and merchandise, according to the foregoing provisions hereof."

The mortgagee employed Mr. Rawlinson to take charge of and run the business, and later Mr. Dunn was employed to take his place, and defendant has charged against the mortgagor as a part of the expense of operating the business the salaries of those two employes. It was the contention of the plaintiffs that they should not be charged

with these salaries. The trial court submitted these questions to the jury on the following instructions:

"(2) The law as to applying payments made upon notes or accounts, in the absence of a contract or agreement to the contrary, is that payments made thereon should first be applied to the interest accrued at the time of such payments, and the balance, if any, remaining is then applied to the principal. In the case on trial, the defendants are contending that this general rule governs in applying the payments made by the plaintiffs, while the plaintiffs are contending that it was understood and agreed that the payments made should be applied first to the payment of the principal.

"(3) It is the contention of plaintiffs and defendant, Anderson, that they were not properly chargeable with the salaries and expenses of Rawlinson and Dunn, who were employed in the business at Frederick, Oklahoma, while defendants contend that it was agreed that the salaries and expenses of these parties should be paid by plaintiffs and said W. R. Anderson out of the business at Frederick. The usual rule is that whoever employs a party is alone responsible for the payment of his hire and expenses, in the absence of a contract or agreement to the contrary, and should you find in this case that these parties were hired by the defendants, then plaintiffs and said Anderson would not be properly charged with the payment of their salary or expenses, unless you further find from a fair preponderance of the evidence that it was understood or agreed that plaintiffs and said Anderson should be debited with said salaries and expenses.

"(4) Now, bearing in mind the foregoing instruments, after allowing plaintiffs and defendant, Anderson, proper credit for all payments you find they have made on the notes and accounts in controversy, together with all other credits, discounts and payments you may find under the law and evidence they are entitled to in this case, and after debiting them with all amount you find due by them on said notes and accounts with interest and other charges you find they are liable for under the law in this case, and proven by the evidence, you will return your verdict in favor of defendants and against plaintiffs, Kate L. Mounts and John H. Mounts, for such sum, if any, which you find due and unpaid on the notes and accounts in controversy due by the said Kate L. Mounts and John N. Mounts and W. R. Anderson for such sums, if anything, you find due and unpaid on the notes and accounts due by the said W. R. Anderson."

To all of these instructions the defendant excepted, and contends that the giving thereof constitutes reversible error. The notes in controversy and the provisions of the chat-

tel mortgage were plain, clear, explicit, and unambiguous in their terms and are controlling as to the application of the payments. That being true, it was the duty of the trial court to construe the provisions of these contracts and to instruct the jury as to such construction; but in none of the instructions given did the trial court tell the jury what construction should be given to the interest provisions in the various notes or to the provision relative to paying the expenses in the chattel mortgage, but in each instance left it to the jury to apply the payment according to such construction as the jury might see fit to give to the contracts. In Brown v. Coppage, 54 Okla. 88, 153 Pac. 817, this court said:

"Where a written contract is clear, explicit, and unambiguous, it is the duty of the court to construe same."

As to the $19,200 note, which provides, "with interest at 6 per cent. on each payment as they become due," interest was chargeable upon the entire principal from the date of the note; such interest, however, under the terms of this contract, was not payable except as each payment on the principal became due, at which time interest at 6 per cent. on such payment from the date of the note was due and payable.

In 22 Cyc. 1488, it is said:

"Where the contract provides for the payment of a certain rate of interest 'per annum,' it only fixes the rate to be paid, and has no reference to the time when such interest shall be paid, and consequently interest so reserved becomes due and payable only with the principal."

The payments made on this note before any installment of the principal became due should have been applied on the principal. At the time the first installment of principal became due, interest at 6 per cent. thereon was also due, and any amount paid thereafter should have been applied first to the payment of the interest and the remainder applied on the principal, and the same rule should have been followed as to all subsequent payments, in accordance with the rule announced in 22 Cyc. 1564:

"Where partial payments are made, the rule is to apply the payments in the first place to the discharge of the interest then due."

As to the other four notes, which provided for the payment of 8 per cent. per annum from date until paid, under the rule first above quoted the interest became due and payable at the time the principal became due, and any payments made prior to

that time should have been applied on the principal, and any payments made subsequent to the time the principal became due should have been applied first in payment of the interest and the remainder on the principal, and under the terms of these notes, after the maturity of the notes the principal bore interest at the rate of 10 per cent. payable semi-annually.

So, after maturity of the notes, interest should be figured on the principal remaining unpaid at 10 per cent., and, as this amount was payable semi-annually, after each such amount became due, payments made thereafter should have been applied first on this interest and the remainder on the principal.

We are of the opinion that instructions 2 and 3, given by the trial court, were correct statements of abstract propositions of law, but in this case here was a special necessity for giving specific instructions applicable to the particular issues involved. Under the most favorable circumstances it was a difficult matter for the jury to render a correct accounting between the parties in this case, and it was the duty of the trial court to construe the provisions of the various contracts which were in evidence and to give specific instructions to the jury to govern the jurors in their deliberations. In Thrasher et al. v. St. Louis & S. F. Ry. Co., 86 Okla. 88, 206 Pac. 212, the law as stated in the syllabus is as follows:

"Instructions which principally consist of correct abstract propositions of law, but have no special reference to the circumstances of the case on trial, are objectionable, and where from the consideration of all of the evidence it is probable the jury may have been misled by such instructions, a new trial ought to be granted."

In Gypsy Oil Co. v. Ginn, 88 Okla. 99, 212 Pac. 314, the fourth paragraph of the syllabus is as follows:

"Where the jury receives no specific instructions on the law applicable to the particular issues involved, such error cannot be held to be harmless under the provisions of section 6005, Rev. Laws 1910."

Instruction No. 3 was also erroneous and misleading in that it required the jury to find by preponderance of the evidence that there was an agreement between the plaintiffs and the defendant that the defendant should be debited with the salaries of Rawlinson and Dunn, whereas under the provisions of the mortgage the expense of operating the business was properly deductible from the receipts of such business, and if Rawlinson and Dunn were employed by the

defendant in the management and operation of the business, and such employment was reasonably necessary in the proper operation of such business, their salaries were properly chargeable as expense of the business.

For the reasons stated, the judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ. concur.