Parker, J.
 

 The relator, Moses, sought in the superior court for Pierce county a writ of mandate to compel the defendant, Walters, as city treasurer of the city of Tacoma, to pay from certain local improvement district funds in his hands the principal of certain bonds of the district held by the relator. The defendant demurred to the relator’s petition for the writ on the ground that it does not state facts constituting a cause for relief as prayed for. The demurrer was by the superior court sustained. The relator elected to stand upon his petition and not plead further. Pinal judgment of dismissal was thereupon rendered against him, from which he has appealed to this court.
 

 The controlling facts, as we view this case, may be summarized from the allegations of appellant’s petition for the writ, as follows: In December, 1910, the city duly established local improvement district No. 347, within the city, for the construction of a local improvement therein, to be paid for by special assessments against the properties benefited thereby. In due course, on December 14, 1910, the city duly issued bonds of the district, serially numbered from 1 to 1260, inclusive, each identical with all the others except as to serial number and except as to bond number one which was for the principal sum of $80.33, all of the other bonds being for the principal sum of $100 each. Appellant is the owner and holder of bonds numbered 750 to 790, inclusive. Some other unknown person or persons own and hold bonds numbered 791 to 817, in-
 
 *664
 
 elusive. Appellant is the owner and holder of bonds numbered 818 to 886, inclusive. A copy of bond numbered 750, which, as has been noticed, is identical with all the other $100 bonds except as to number, is attached to appellant’s petition and made a part thereof, which, so far as need be here noticed, reads as follows:
 

 “The city of Tacoma, a municipal corporation of the state of Washington, hereby promises to pay to W. J. Murphy or bearer
 

 Ore Httrdred Dollars
 

 lawful money of the United States with interest thereon at the rate of seven- per cent per annum payable annually out of the fund established by ordinance No. 4016 of said city and known as local improvement fund district No. 347 of Tacoma,
 
 and not otherwise,
 
 both principal and interest payable at the office of the treasurer of said city.
 

 “A coupon is hereto attached for each installment of interest to accrue hereon and said interest shall be paid only on presentation and surrender of such coupon to the city treasurer
 
 but in ease this bond is called for payment before its maturity each and every coupon representing interest not accrued at the time this bond is payable under such call shall be void. This bond is payable on or before the 14th day of December, 1920, and is subject to call by the city treasurer of said city whenever there shall be sufficient money in said local improvement fund to pay the same and all unpaid bonds of the series of which this bond is one which are prior to this bond in. numerical order
 
 over and above sufficient for the payment of interest on all unpaid bonds of said series.
 

 “The city council of said city as the agent of said local improvement district No. 347
 
 established by said ordinance No. 4016 has caused this bond to be
 
 issued in the name of said city as the bond of said local improvement district, . . .
 

 “This bond is one of a series of 1260 bonds aggregating in all the principal sum of one hundred twenty-five thousand nine hundred eighty and 33-100 dollars issued
 
 for said local improvement district .
 
 . . ”
 

 
 *665
 
 We italicize certain portions of these quotations to he particularly noticed. There is printed upon each bond a copy of § 9 of the statute under which they were issued, hereinafter quoted. Bonds numbered 1 to 749 have been paid in full, so that the bonds next in order for payment, as funds are available therefor, are bonds numbered 750 and upwards, held by appellant and others. The interest represented by the interest coupons of all the outstanding bonds has been paid; that is, all interest has been paid up to December 14, 1920, the stated date of final maturity of all the bonds, there being no coupons representing any interest to be paid after that date.
 

 There is now in the local improvement fund of the district, in the hands of respondent as city treasurer, the sum of $9,137.59, available for payment of the principal upon the outstanding bonds; or available for payment upon interest claimed by respondent as having accrued upon the principal of the outstanding bonds since December 14, 1920, if such interest is payable in preference to the principal of the outstanding bonds in order of their serial numbers. There is also a large amount of property within the district as to which the assessments have not been paid, and the city now holds title thereto by virtue of foreclosure of the assessments thereon. The assets of the district, consisting of the cash on hand and such property so held by the city, are not of sufficient value to secure the payment in full of all the outstanding bonds.
 

 Appellant’s prayer for relief, as was his demand upon respondent as city treasurer, is, in substance, that respondent as treasurer, by writ of mandate, be required to apply the $9,137.59 cash funds of the district in his hands to the payment of the principal of the outstanding bonds in order of their number; that is, in payment of bonds numbered 750 to 790, inclusive,
 
 *666
 
 held by appellant; in payment of bonds numbered 791 to
 
 817,
 
 inclusive, held by others; and in payment of bonds numbered 818 and upwards, held by appellant, in so far as payment of that sum so applied will pay appellant’s bonds last mentioned.
 

 The statute under which the bonds in question were issued by the city, being chapter CXXIV, Laws of 1899, pp. 234-239, Rem. Comp. Stat., §§ 9515-9525, in so far as necessary to be here noticed, reads as follows:
 

 “Section 1. . . . the proper authorities of such city may, in their discretion, provide for the payment of the cost and expense of such improvement
 
 by bonds of the district,
 
 which shall include the property liable to assessment for the payment of the cost and expense of such improvement . . . [Rem. Comp. Stat., § 9515.]
 

 “Sec. 2. Such bonds shall be issued . . ., and by their terms shall be made payable on or before a date not to exceed ten years from and after the date of the issue of such bonds, . . . and shall bear such interest as may be provided in such ordinance, not exceeding eight per centum per annum, which interest shall be payable annually, or semi-annually, as may be provided by ordinance, and
 
 each bond shall have attached thereto interest coupons for each interest payment.
 
 Such bonds shall be in such denominations as shall be provided in the ordinance ordering their issue and
 
 shall be numbered from one upwards, consecutively, . . .
 
 and shall refer to the improvement to pay for which the same shall be issued and to the ordinance ordering the same, each bond shall provide that the principal sum therein named, and the interest thereon, shall be payable out of the local improvement fund created for the payment of the cost and expense of such improvement,
 
 and not otherwise.
 
 [Id. § 9516.]
 

 “Sec. 4. . . . the ordinance levying such assessment shall declare that the sum charged thereby against each of such lots and parcels of land may be paid in equal annual installments; the number of which
 
 *667
 
 installments shall be equal to the number of years which the bonds issued to pay for the improvement .may run, with interest upon the whole sum so charged at a rate fixed by said ordinance, and each year thereafter one of such installments together with the interest due thereon and on all installments thereafter to become due shall be collected . . . [Rem. Comp. Stat., § 9518.]
 

 “See. 7. The city treasurer shall pay the interest on the bonds authorized to be issued by this chapter out of the respective local improvement funds from which they are payable. Whenever there shall be sufficient money in any local improvement fund against which bonds have been issued under the provisions of this act, over and above sufficient for the payment of interest on all unpaid bonds,
 
 to pay the principal of one or more bonds, the treasurer shall call in and pay such bonds: Provided, That such bonds shall be called in and paid in their numerical order:
 
 . '. . [Rem. Comp. Stat., § 9521.]
 

 “Sec. 9. Neither the holder nor owner of any bond issued under the authority of this chapter shall have any claim therefor against the city by which the same is issued, except from the special assessment made for the improvement for which such bond was issued, but his remedy in case of non-payment, shall be confined to the enforcement of such assessments. A copy of this section shall be plainly written, printed or engraved on each bond so issued.” [Rem. Comp. Stat., § 9523.]
 

 We have italicized certain portions of these quotations to be particularly noticed. While this statute has been superseded by later legislation and was formally repealed by chapter 19, Laws of 1925, p. 42, it remains the law of this controversy.
 

 It is contended in behalf of appellant that the bonds do not draw interest other than as such interest was evidenced by coupons attached to the bonds; that is, do not draw interest after December 14, 1920, the date of the maturity of the principal of all unpaid outstanding bonds; and that, since all interest evidenced
 
 *668
 
 by coupons has been paid, the principal of the outstanding bonds is payable in the order of their serial numbers from moneys of the district in the hands of respondent as treasurer in preference to payment of any further interest. It is contended in behalf of respondent that no part of the principal of the outstanding bonds is payable except from surplus of moneys of the district remaining from time to time after payment therefrom of interest accruing after, as well as interest evidenced by coupons accruing prior to, maturity of the principal; and that, since the $9,137.59 in the hands of the respondent as treasurer is all so applicable to payment of such interest, appellant has no right to have any portion of it applied to the payment of the principal of his bonds.
 

 Much of the argument of counsel is directed to the question of whether or not the bonds bear interest other than as interest is evidenced by the coupons; that is, as to whether or not the bonds bear interest after December 14, 1920. It seems to us that our present problem may be viewed as somewhat narrower than this. It may be that the bonds outstanding after maturity, upon which all coupon interest has been paid, do continue to bear interest, and that such interest may be ultimately paid if it should eventuate that the funds of the district become sufficient in amount to pay the principal of all outstanding bonds and leave a surplus belonging to the district. So in our present inquiry we shall view our problem as one of priority of right, as between the payment of the principal of the outstanding bonds in question and the payment of interest other than the paid interest evidenced by the coupons.
 

 In
 
 State ex rel. Boyd v. Mills,
 
 133 Wash. 681, 234 Pac. 1042, we held that local improvement bonds of this character were payable in order of their serial
 
 *669
 
 numbers and not pro rata, though all had matured and there was an insufficient fund to pay all. It is true that holding was with reference to local improvement bonds issued under a later enacted statute; chapter 98, Laws of 1911, p. 441; Rem. Comp. Stat., §§ 9352-9425. But the above quoted statute of 1899, under which these bonds were issued, is .no less mandatory as to such bonds being payable in order of their serial numbers. Our views expressed in the
 
 Boyd
 
 case were adhered to in
 
 Johnson v. McGraw,
 
 139 Wash. 139, 245 Pac. 915.
 

 So we think it is plain that the bonds of this issue are payable in the order of their serial numbers, though the fund of the district may be insufficient to pay all of them. While these holdings seem to suggest that the principal of these bonds has preference in payment over payment of interest other than interest evidenced by coupons maturing on and prior to December 14, 1920, they do not, it must be conceded, conclusively decide that the principal of these outstanding bonds has such preference of payment.
 

 The above quotations from the language of the bonds and from the language of the statute of 1899 under which they were issued, disclosed these outstanding conditions: (1) These are not municipal bonds in the sense that they impose any contractual debt obligation whatever upon the city. (2) They are not strictly bonds of the city, but are “bonds of the district,” so designated in the statute, and are, as stated in each bond, “issued in the name of said city as the bond of said local improvement district.” (3) While interest is contracted for in somewhat general terms, which general terms, standing alone, suggest an implied obligation of the district to pay interest after, as well as before, maturity of the principal, it is expressly contracted in each bond that
 

 
 *670
 
 . . a coupon is hereto attached for each installment of interest to accrue hereon, and said interest shall be paid only on presentation and surrender of such coupon to the city treasurer.”
 

 We are of the opinion that the several above quoted .provisions of the statute and of these bonds issued thereunder mean that the interest evidenced by coupons maturing prior to the final maturity of the principal of the bonds has preference in payment over the principal, as provided in the above quoted § 7 of the statute; that interest which may accrue after the final maturity of the principal of outstanding bonds does not have such preference; and that the principal of all outstanding bonds has, after payment' of all interest evidenced by coupons, preference of payment in order of their serial numbers over any further accruing interest. We do not now decide as to whether or not there is any interest obligation accruing as against the district upon outstanding bonds after maturity. We simply hold that, if there be interest so accruing, the principal of all outstanding bonds in order of their serial numbers has preference of payment over any such accruing’ interest.
 

 The judgment is reversed and the cause remanded to the superior court with directions to award to relator relief as prayed for as to the application of the $9,-137.59 in the hands of respondent as treasurer of the city.
 

 Mitchell, O. J., Fullertoh, Main-, Millard, and Holcomb, JJ., concur.