## FOOSHEE, City Treas., v. MARTIN.

No. 28459.  Feb. 21, 1939.

Rehearing Denied April 4, 1939.

J. D. Holland, for plaintiff in error.

T. Jack Foster, for defendant in error.

A. L. Jeffrey, Norman E. Reynolds, and W. Otis Ridings, Amici Curiae.

DAVISON, J.  J. Shan Martin, holder of an overdue and unpaid street improvement bond issued by the city of Norman, commenced this action February 7, 1938, by the filing of a petition in which a writ of mandamus was sought to compel the treasurer of said city to pay the principal of said bond together with the delinquent interest due thereon.

From the stipulation of facts, it appears that the bond in question is No. 16 of a series of 21 bonds numbered consecutively, all of which were issued on November 16, 1925. The amount of the principal of each bond is $250, which was due on October 1, 1935. The interest rates prescribed in said bonds are "six (6) per cent. per annum, payable October 1st, 1926, and semiannually thereafter on the first day of April and October of each year until maturity or date same is called for payment as

provided by law, as evidenced by and upon the surrender of the annexed interest coupons as they severally become due, and after due, interest at the rate of ten (10) per cent. per annum until paid."

It further appears that all of the interest coupons on the plaintiff's bond have been paid, and though it does not specifically appear in the agreed statement of facts, the argument for both parties seems to proceed upon the assumption that the interest coupons on the entire series of bonds have all been paid. It was stipulated that the number appearing on the plaintiff's bond is smaller than the number upon any of the other outstanding bonds.

When the bond in question was presented for payment, the city treasurer offered to pay the principal thereof, but refused to pay the delinquent interest thereon, and in her answer to the plaintiff's petition she admitted the validity of the bond, and also admitted that she had on hand the sum of $332.47 which had been collected from assessments for the paving for which the series of bonds had been issued.

At the trial, the plaintiff was granted the relief sought, and the city treasurer brings this appeal.

The only questions submitted to this court for determination are: (1) Was all of the accrued delinquent interest on plaintiff's bond payable at the time it was presented? And (2) if so, does mandamus lie to enforce such payment?

A decision of the first question involves a determination of whether the matter is controlled by section 6237, O. S. 1931, and if so, which portion thereof is applicable. The portions of said statute referred to in the briefs read as follows:

"Said bonds shall be issued in series, and the bonds of each series shall be numbered consecutively beginning with Number One, and said bonds of each series shall be payable in their numerical order."

"The city or town shall have the right to **call in and pay** bonds or any number thereof in the following manner: Whenever there shall be sufficient funds in the hands of the city or town treasurer after the payment of all interest due and to become due within the next six (6) months, such treasurer shall on September 1st of any year give notice by registered mail addressed to the last registered holder of the bonds called, at the address appearing upon his registry that there has accumulated funds sufficient to pay the designated bonds, and interest thereon to a date thirty (30) days hence from the date of such notice, and directing the

presentation of such bond or bonds for payment and cancellation, and said bonds will cease to bear interest after expiration of said thirty (30) days, and upon the payment and cancellation of said bond or bonds, proper entry thereof shall be made upon the books of the clerk and treasurer, and it is hereby made the duty of such city or town treasurer upon the accumulation of sufficient funds as herein provided to pay one or more bonds to so **call and pay** such bond or bonds, and in the event of failure so to do, he shall be liable for all such damages as may result therefrom, and the provisions hereof may be enforced by appropriate proceedings in mandamus against such treasurer." (Emphasis ours.)

The plaintiff contends that the first of the above-quoted portions of the statute is controlling and authorizes the payment as ordered by the trial court, while the treasurer contends that the provision for payment in numerical order applies only to payment of the principal of the bonds and does not include or refer to the payment of delinquent interest. She asserts that if any of said section is applicable to the payment of interest, it is the portion last quoted, and that according to the design therein indicated, the delinquent interest on none of the bonds is payable until she has on hand a sum sufficient to pay the delinquent interest rate on all of the outstanding bonds of the series for a period of six (6) months longer duration than the period of delinquency. The treasurer further asserts that if any part of the fund in her possession is now applied on said bonds, it must be applied to the whole series in the form of partial payments on the delinquent interest due on each and every outstanding bond of the series on a pro rata basis. As authority for this contention, she cites the following cases: State v. City of Carlsbad, 39 N. M. 352, 47 P.2d 865; State v. Walters, 156 Wash. 664, 287 P. 874; and Tootle-Campbell Dry Goods Co. v. Mounts, 90 Okla. 40, 216 P. 113.

The case of State v. City of Carlsbad, supra, has no direct bearing upon the present question, for there the only interest involved was prematurity interest rather than delinquent interest.

While it is true that in State v. Walters, supra, the Supreme Court of Washington held that the principal of the street improvement bonds there involved had preference of payment in the order of their serial numbers over any further accruing interest, yet the only apparent reason for this holding seems to have been the fact that neither the bonds nor the statute authorizing their issuance provided for the payment of delinquent interest, while in the present case the payment of delinquent interest is specifically

prescribed both in the bonds themselves and in section 6237, supra.

We do not consider the decision in Tootle-Campbell Dry Goods Co. v. Mount, supra, directly in point, for the reason that the delinquent interest in that case was due and payable apart from the maturity of the payments on the principal, while, according to the rules here followed, the interest in the present case becomes due and payable only when the principal is paid. The bonds involved herein merely provide for the payment of delinquent interest at a certain rate per annum, while in the case cited the notes specifically provided:

"If this note is not paid when due, it shall bear interest thereafter at the rate of ten per cent. payable semiannually."

One of the rules laid down in that case is as follows:

"Where a note provides for the payment of a certain rate of interest per annum, it only fixes the rate to be paid, and has no reference to the time when such interest should be paid, and, consequently, interest so reserved becomes due and payable only with the principal."

In accord, see Ramsdell v. Hulett (Kan.) 31 P. 1092, 1093; Motsinger v. Miller (Kan.) 53 P. 869; Koehring v. Muemminghoff, 61 Mo. 403, 21 Am. Rep. 402, 404; Gibbs v. Mendoza (Cal. App.), 284 P. 250, 251; and annotations at 10 A. L. R. 999. It can readily be seen that if this rule is applicable, the Tootle-Campbell Case supports the plaintiff's rather than the treasurer's theory, for if the delinquent interest becomes due and payable only with the principal, and the plaintiff's bond is the only one of the series that is due and payable, then the delinquent interest thereon is the only delinquent interest that is now due and payable.

In Lucas v. First National Bank of Pawnee, 171 Okla. 606, 43 P.2d 752 (decided since the enactment of section 6237, supra), we applied the general rule that the holders of outstanding bonds should share the funds pro rata, where said funds are insufficient to pay all of them, because in section 4516, C. O. S. 1921 (predecessor to section 6237, supra) numerical order payment was prescribed only for prematurity payment, but there we indicated our view of the present statute in the following words:

"Had the bonds in question been issued under the present paving law, chapter 173, Session Laws 1923, this controversy would not exist. Section 26 of that act reads: 'Said bonds shall be issued in series, and the bonds of each series shall be numbered consecutively beginning with Number One, and said bonds of each series shall be payable in their numerical order.' "

In speaking of the provision which determines the right of the city to call in and pay such bonds, we further said:

"That provision of law is optional with the city issuing the bonds and is applicable for the purpose of stopping interest payments on the bonds under it, and during the period for which said bonds are issued the bonds may be paid in numerical order, but after maturity the numerical provision of said section does not govern. If it did, there would have been no necessity for the subsequent legislation."

According to the views of chapter 173, Session Laws 1923 (section 6237, supra), expressed in the above quotations, it is obvious that under said statute, outstanding paving bonds are due and payable in numerical order and though the words "during the period for which said bonds are issued" do not appear in section 6237, supra, to limit the period in which said bonds may be called in, it is our opinion that this portion of the statute merely determines the right of the city treasurer to call in and pay such bonds, and "is applicable for the purpose of stopping interest payments on the bonds under it," rather than being any limitation upon his duty to pay the bonds after maturity. This conception in its full significance dispels the assumption or belief that said treasurer must withhold payment of the outstanding bond that is next in numerical order until he has funds sufficient to defray the delinquent interest on all of the other outstanding bonds for a period six months longer than the bonds have been delinquent.

We therefore hold that the delinquent interest on the plaintiff's bond was due and payable with the principal, and the trial court committed no error in so holding.

In his argument on the question of whether mandamus will lie to enforce the payment of the sum involved herein, counsel for the city treasurer contents himself with a citation of authorities relative to the legal prerequisites for the invocation of said remedy. It is correctly asserted that mandamus will not lie unless the bondholder has a legal right to have performed, and it is the clear legal duty of the treasurer to perform, the act which the former seeks to compel by mandamus and it also appears that he has no other plain, speedy, and adequate legal remedy.

Thus the next question which arises is whether payment of the plaintiff's claim is

so clearly his right and the treasurer's duty that it is enforceable by the writ issued by the trial court. Though the statute does not in explicit terms command the treasurer to make the payment as ordered, yet his duty may still be "clear" within the meaning of the rules governing mandamus, and the fact that judicial interpretation may be necessary to more specifically enunciate the duty will not necessarily preclude its coercion by a writ of mandamus. See 18 R. C. L. 117, par. 30; 38 C. J. 586, par. 57; State v. Wilson, 123 Ala. 259, 26 So. 482; 45 L. R. A. 772. In the latter case the following was said:

"A doubt that may arise in the mind of the court in matter of law, as to the existence of the duty, will not, as some of the cases seem to hold, require or justify the denial of the writ. It is the court's province and duty to solve all such doubts, and declare the duty as it finds it to be, after its misgivings as to the intent and meaning of the statute involved, or as to any other question of law, have been eliminated. Substantial doubt as to whether the facts of the particular case present the conditions upon which the officer is bound to act may, it would seem, justify or require a refusal of the writ. Of course, the doubts of the officer as to his duty are of no consequence. State ex rel. Manix v. Tarpen (Ohio) 1 N. E. 209. Again, the duty need not be 'specifically enjoined' or 'expressly prescribed' by law. The true rule in this connection, we apprehend, is that the duty must be imposed in terms by the statute, in cases like the one in hand, or must result therefrom by fair and reasonable construction or interpretation. It must appear from the statute in terms or by fair implication." (Citing cases.)

This court has adopted the rule as stated above. See Sneed v. Tippett, 114 Okla. 173, 245 P. 40; Little v. Excise Board of Marshall County, 161 Okla. 40, 16 P.2d 1080. Since by what we deem a reasonable interpretation of section 6237, supra, we have arrived at the conclusion that the principal together with the delinquent interest on the plaintiff's bond was due and payable, and it is conceded that the treasurer had sufficient funds to make the payment, it then follows that it was his duty to do so.

As to the application to the present case of the other prerequisite of mandamus, i. e., that the petitioner must have no other adequate legal remedy, we are furnished little enlightenment in the briefs. We know of no other "adequate" legal remedy that the bondholder would have to compel the payment of his claim and none is suggested. There is nothing upon which the plaintiff

could base a suit for a judgment upon said bond, for section 6237, supra, specifically provides such "bonds shall in no event become a liability of the city or town issuing the same." Plaintiff might sue on the treasurer's bond, but a judgment against the bonding company could not decree payment to the bondholder out of the city's tax receipts; therefore, such a judgment would not be an "adequate" remedy as the term is used in statements of the rule, for it would not grant the plaintiff the particular relief to which he is entitled even though it would possibly save him harmless. In Ghent v. State, to Use of School Districts, 75 S. W.2d 67, 189 Ark. 747, it was said:

"The term 'adequate remedy at law' has a well-defined legal meaning and is a remedy which is plain and complete and as practical and efficient to the ends of justice and its proper administration as the remedy invoked. * * *

"An adequate remedy, as contemplated by the law, must be one which itself enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance."

In State v. Bartholomew, 103 Conn. 607, 132 Atl. 30, it was held:

"Any other relief, the existence of which will preclude the resort to the remedy by mandamus, must not only be adequate, but it must be specific; that is, it must be adapted to secure the desired result effectively, conveniently, completely, and directly upon the very subject-matter involved." (Citing many authorities.)

In Western Paving Co. v. Board of Com'rs of Lincoln County, 183 Okla. 281, 81 P.2d 652, though recognizing that an action on the treasurer's bond might be maintained, we held that "mandamus will lie to compel the payment by a county treasurer of a warrant legally and properly drawn upon an existing fund in his possession which fund has been set aside and appropriated for the purpose in payment of which the warrant was drawn." There we further said:

"To refuse mandamus and require a claimant to sue the treasurer on his bond compels a treasurer to determine at his peril the validity of such a warrant. If he honestly, but improperly, refused payment, he would be liable in a suit upon his bond in an action by the warrant holder. Likewise, if he honestly, but illegally, paid a warrant, he would be liable in a suit upon his bond by the county."

It seems to us that the denial of mandamus in a case like the present one would leave the city treasurer in a position very

558

similar to that of the county treasurer above described, for it would subject him to possible liability on his bond in the event either of his payment or of his refusal to pay the claim.

In view of the foregoing considerations, it is our opinion that the plaintiff had no truly adequate remedy except mandamus.

Having concluded that the plaintiff was entitled to the payment of the delinquent interest due on the bond involved, as well as the principal thereof, and that the city treasurer was properly compelled by writ of mandamus to make such payment, the judgment of the trial court is hereby affirmed.

BAYLESS, C. J., and OSBORN, CORN, GIBSON, and HURST, JJ., concur. WELCH, V. C. J., and RILEY, J., dissent. DANNER, J., absent.