## OVERSTREET v. KEITH, Treas.

No. 28453.   May 2, 1939.

Rehearing Denied May 31, 1939.

Hamilton & Kane, for plaintiff in error.

A. B. Campbell, for defendant in error.

DAVISON, J.  The present action was commenced by the plaintiff to secure a writ of mandamus compelling the defendant, treasurer of Pawhuska, Okla., to pay the principal and interest past due upon two certain street improvement bonds issued by the city of Pawhuska.  The trial court issued an alternative writ on the plaintiff's verified petition, but after the plaintiff in error, who is the present owner of the bonds, had been substituted as plaintiff for the plaintiff who commenced the action, a trial was had upon the issue joined by the defendant's return to the alternative writ, and the court rendered judgment for the defendant.  In our continued reference to the parties, their trial court designation will be used.

The bonds in question are serial bonds numbered 64 and 65 of series No. 15.  The bonds of said series numbered 1 to 63, inclusive, have been paid, so that the two in question are next in numerical order to be paid, but there are others bearing higher numbers in the series than the two in question that are still outstanding, overdue, and unpaid.  The defendant admits that the two bonds involved have been presented for payment and that she has on hand sufficient money in the proper fund to pay both the principal and interest due on said bonds. She has refused to make the payment, however, on the ground that since the funds are insufficient to pay the principal and interest due on all of the outstanding delinquent bonds in the series, said money should be applied on all of them pro rata or distributed between the owners thereof in equal proportions.

The issue joined can be determined only by deciding whether the payment of the bonds involved is controlled by the decision of this court in Lucas, City Treasurer, v. First National Bank of Pawnee, 171 Okla. 606, 43 P.2d 752, or our more recent decision in Ione Foshee, City Treasurer of Norman, v. J. Shan Martin, cause No. 28459, 184 Okla.

564, 88 P.2d 900. The decision in the first of these cases settled the method of payment under section 4616, C. O. S. 1921, while the later decision accomplished the same purpose for bonds issued under the present law (chapter 173, S. L. 1923, § 26; section 6237. O. S. 1931). The task before us now is to decide which of the statutes, as they have been judicially interpreted, controls the method of payment of the bonds sued on here.

The series of bonds were issued November 9, 1923, to mature in ten years. Since chapter 173. S. L. 1923, was approved and became effective March 23, 1923, it would seem that the bonds in question were issued under that statute and that therefore payment in numerical order as therein provided would be applicable in this case, but the defendant asserts that proceedings for the improvements for which the bonds were issued were commenced under the old law (section 4616, C. O. S. 1921), and that therefore pro rata payment is applicable thereto. In support of her position, the defendant cites section 37 of chapter 173, S. L. 1923 (section 6248, O. S. 1931), which reads as follows:

"In all such cities where such improvements are in the process of being constructed under the laws heretofore in force in this state or for which proceedings have been commenced under such laws at the time this act takes effect, the same shall be completed and paid for under such laws, and said laws are hereby extended in force as to such improvements until such improvements shall be completed and paid for as by such laws provided."

In asserting that the above section makes the pro rata method of payment applicable to the bonds here involved, in that the improvements for which they were issued were "in the process of being constructed" and the 'proceedings" therefore had been **"commenced** under such laws * * * in force"** prior to the enactment of chapter 173, the defendant calls our attention to the fact that the resolution authorizing the city engineer of Pawhuska to prepare the specifications and estimates for said street improvements and the resolution approving his specifications and estimates, as well as the resolution declaring said improvements to be necessary, were all passed by the board of commissioners of said city, and the latter resolution was published, before said statute (chapter 173, S. L. 1923) was approved and became effective. Our attention is also called to the further fact that the bonds, themselves, contain the recitation that they were issued **"under and by virtue of article 12, chapter 29, Compiled Statutes of Oklahoma, 1921,** and statutes complimentary, supplementary and amendatory thereof, and procedure had and ordinance and resolutions passed by the board of commissioners of said city, which are specifically referred to and made a part hereof as if specifically set out herein." (Emphasis ours.)

While it is true that in the present case the bonds were not issued, the contractor's actual construction work not begun, nor payment for same made until after chapter 173, S. L. 1923, went into effect, yet, by the plain wording of section 37 thereof, these facts are immaterial if the "proceedings" for the improvements were "commenced" under the laws theretofore in force. That section specifically provides that if the "proceedings have been commenced under such laws at the time this act takes effect, the same shall be completed and paid for under such laws," and these words, in our opinion, can only be construed as authorizing the payment of the contractor (as provided by section 27 of the same chapter) in bonds to be liquidated on the pro rata basis that was in force before the numerical payment method provided by the act of 1923 went into effect.

Our present interpretation of "the commencement of proceedings" is supported by what was said in Green v. Board of County Commissioners, 126 Okla. 300, 259 P. 635, which involved proceedings to issue bonds by Lincoln county for the purpose of paving certain state highways. When that controversy arose, the Legislature had passed a new law which went into effect on the same day the election was being held, and while the situation in that case and the present one are not entirely analogous, yet we believe that the interpretation given the word "proceeding" in that case should be applied to the same word in the statute (section 6248, O. S. 1931) now being construed. In the Green Case, this court said:

"* * * When the board of county commissioners, by their resolution and notice, put the machinery in motion to vote the bonds in question they began a 'proceeding', and such proceeding was not or will not be terminated until the final object of the 'proceeding' has been accomplished, to wit, the sale of the bonds; and in accomplishing this the law, as it stood upon the statute books of the state at the time the proceeding was commenced, defines their duties and limits their authority."

As we view the matter, the "proceedings" mentioned in section 37 of chapter 173, supra, must surely refer to the steps which the preceding sections of the same chapter prescribe for securing the street improvements to be paid for with such bonds. The resolutions passed by the board of commissioners of the

city of Pawhuska several days before the enactment of the 1923 law were a part of the proceedings thus prescribed, and we think the conclusion is inescapable that they were "proceedings" within the meaning of said term as used in section 6248, supra. This being true, the bonds herein sued upon were properly issued (as they purported to be) under the Compiled Oklahoma Statutes of 1921, and in compliance with section 6248, the improvements for which they were issued, were paid for with such bonds. Under our decision in the Lucas Case, the owners of said bonds have a right to have them paid by the pro rata method, and the judgment of the trial court was correct in so holding and in denying the plaintiff a writ of mandamus to compel the defendant city treasurer to pay the entire principal and delinquent interest due on the plaintiff's bonds, rather than allowing her to apply the funds available to a payment on all of the unpaid bonds of the series on a pro rata basis.

The judgment of the trial court is hereby affirmed.

WELCH, V. C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.

Rehearing Denied May 31, 1939.