POWELL et al. v. KIGHTLINGER et al.

No. 29538. Jan. 14, 1941.

Rehearing Denied April 1, 1941.

Application for Leave to File Second Petition for Rehearing Denied April 29, 1941.

*112 P. 2d 392.*

N. E. McNeill, of Tulsa, for plaintiffs in error.

Merle G. Smith, of Guthrie, for defendant in error Stella Jelsma.

Adams & Adams, both of Guthrie, for defendants in error Olsom, Jelsma, and Kightlinger.

WELCH, C. J. Plaintiffs in error were plaintiffs in the trial court and we will refer to the parties as they appeared therein.

Plaintiffs sought to cancel a certain note and the real estate mortgage given to secure the same, upon the grounds that the note had been fully paid; and sought to recover an amount alleged to have been overpaid on the note. They also sought to cancel certain oil and gas royalty conveyances, upon the theory, as to one given to the holder of the note and mortgage, that at the time of the execution thereof such holder owed plaintiffs more than the consideration therefor by reason of the alleged overpayment on the note, and as to others of the defendants the same character of conveyances are sought to be canceled upon the grounds of fraud in their procurement.

The trial court refused to cancel any of the royalty conveyances; found that the note had been overpaid, and canceled the note and mortgage and rendered judgment against the holder of the note for a small amount so found to be overpaid. The plaintiffs prosecute this appeal.

It is suggested that the trial court erred in refusing to allow plaintiffs a jury trial on the issue of whether the defendant holder of the note was indebted to plaintiffs for alleged overpayments. We think the question becomes immaterial in view of the fact that there is no complaint or dispute concerning the total amount of payments which had been made. The issues so made resolved themselves in the trial court, as here, to a construction of the provisions of the note and mortgage; and present purely a question of law.

Plaintiffs complain that the amount overpaid on the note is far in excess of that found by the trial court, and assert that, as to the defendant holder of the note, they are entitled to judgment for a greater amount, and they further assert that because of partial payments made on the note it was overpaid at an earlier date than found by the trial court, and that therefore certain royalty conveyances made to the holder of the note were without consideration. They assign error in the trial court's refusal to cancel such conveyances.

A determination of the issues of law presented by a construction of the terms of the note and mortgage will effectively dispose of the case insofar as plaintiffs and the defendant holder of the note are concerned.

The note provides as follows:

"$1900.00    Guthrie, Oklahoma, November 2nd, 1917

"On or before 19 years after date, for value received, we promise to pay to the order of Genevieve C. Wells, Nineteen Hundred and no/100 Dollars in good money of standard value with interest at 6½ percent per annum from date at the maturity of this note, but if the maturity is more than one year, interest payable semi-annually, both interest and principal to bear 10 per cent after maturity. The makers of this note hereby waive presentment for payment, notice of nonpayment and consent that time may be extended without notice.

"Charlie Powell
"Hannah (her mark) Powell."

The pertinent provisions of the mortgage given to secure the same are as follows:

"Provided always, and these presents are upon this express condition, that whereas the said grantors have executed and delivered their certain promissory notes dated November 2nd, 1917, to said party of the second part, for $1900.00 due and payable as follows: $100.00 on the first day of November each year until fully paid with interest at the rate of 6½ per cent per annum, payable annually."

Plaintiffs in their original brief quote only that portion of the note ending with the comma, after the provision for 6½ per cent. interest, and urge that the note does not provide any date for the payment of any interest until the maturity date of the note, or 19 years from its date. They say that the numerous partial payments made on the note should all have been applied toward the payment of the principal, because there was no interest due at the time of such payments. They cite 48 C. J. 649; Tootle-Campbell Dry Goods Co. v. Mounts, 90 Okla. 40, 216 P. 113.

The trial court, however, found that the note bore 6½ per cent. interest, payable annually, and if such finding is correct, then plaintiffs' argument will not prevail and their authorities are inapplicable.

We think it cannot be well said that the note is ambiguous on the point at issue, which is, Does the note provide for payment of interest before 1936? The provision or reference therein as to interest at maturity is made ineffective by the clear subsequent provisions of the instrument itself. It plainly appears upon the face of the instrument that the maturity of same is more than

one year, and therefore the provision thereof that interest is payable semiannually is clearly applicable and effective.

The finding that interest was payable annually, instead of semiannually, is advantageous to plaintiffs, and defendants do not complain thereof. We therefore do not find it necessary to discuss the provisions of the mortgage.

In connection with their argument plaintiffs cite Fairbanks-Morse Co. v. Miller, 80 Okla. 265, 195 P. 1083, to the effect that contracts must be construed to give every provision thereof effect, if possible, in accord with reason, and to the further effect that subsequent clauses, if irreconcilable with a former clause and repugnant to the general purpose and intent of the contract, will be set aside.

We conceive our present construction of the note to be in complete harmony with the case so cited.

As to others of the defendants, plaintiffs sought to cancel a certain royalty conveyance executed in 1926, upon the ground that it was obtained by fraud. The trial court held that the cause was barred by the two-years statute of limitation, section 101, subdivision 3, O. S. 1931, 12 Okla. St. Ann. § 95.

The record shows that in 1926 plaintiffs owned the fee. Defendant Olson and one Jelsma, the deceased husband of the defendant Stella Jelsma, owned term royalty interests. (One Wells held the mortgage on the land, which was then in default.) Defendant Olson, through her agent, and Jelsma presented a number of instruments to the plaintiffs for execution. One, an oil and gas lease to Olson, and another, a royalty conveyance for a one-half perpetual interest in the minerals. According to plaintiffs' theory and testimony they thought they were executing an oil and gas lease only, but through fraud and artifice they were induced to also execute the royalty conveyance without knowledge that they were executing any such instrument.

The record would not justify our disturbing the finding and judgment of the trial court to the effect that the cause in that connection is barred by limitation. There is evidence to the effect that plaintiffs had sufficient information of the existence and effect of the royalty conveyances more than two years prior to the institution of this suit, and the trial court's finding to that effect is not clearly against the weight of the whole evidence.

But plaintiffs urge that defendants committed fraud in not disclosing to plaintiffs the fact that they (defendants) were receiving $636 bonus from a certain oil company as consideration for the execution of the oil and gas lease, and that plaintiffs were to, and did in fact, receive only $500 thereof. It is argued that inasmuch as plaintiffs and defendants were tenants in common in the ownership of the mineral rights at the time of the execution of the oil and gas lease, it then became defendants' duty to fully advise plaintiffs of the true consideration to be received as bonus therefor; that not having truly so advised plaintiffs, and there being no evidence to the effect that plaintiffs had discovered the facts of such concealment within two years before commencing this suit, the judgment applying the bar of the statute of limitations is not supported by the evidence.

It is not plaintiffs' theory that the royalty conveyances were obtained through the fraud of concealment of the true consideration to be received from the oil and gas lease; but rather it is their theory that the royalty conveyances were obtained through the artifice of procuring their execution without the plaintiffs' knowledge of the true effect of their acts. They do not contend that they executed the royalty conveyances in reliance upon any representation or lack of information concerning the consideration to be received for the oil and gas lease. It therefore seems wholly immaterial when they obtained their information as to the consideration received for the oil and gas lease, as con-

cerns the question of the statute of limitations.

Plaintiffs' theory is that they did not know that they had executed the royalty conveyances. The evidence is amply to the effect that the conveyance had been of record for some twelve years prior to this action; that some six years prior to the suit they had been informed of its existence; that more than two years prior to suit they were so informed and discussed the matter in considerable detail with various persons, and that a short time prior to bringing suit they had joined with some of the holders of the interests conveyed thereby, in the execution of new oil and gas leases, without questioning their interests thereunder.

The judgment is affirmed.

CORN, V. C. J., and BAYLESS, GIBSON, and DAVISON, JJ., concur.