McCANN et al. v. CITY OF ENID ex rel. ILLINOIS PURE ALUMINUM CO. et al.

No. 30930. May 18, 1943.

*137 P. 2d 586.*

Harry O. Glasser, of Enid, and R. H. McCann, of New York City, for plaintiffs in error.

Norman E. Reynolds and W. Otis Ridings, both of Oklahoma City, for defendants in error.

HURST, J. This is an action to foreclose the lien of unpaid special assessments securing certain past due street improvement bonds, issued by the city of Enid under the provisions of 11 O. S. 1941 § 107. The sole question presented concerns the relative rights of the owners of bonds bearing different serial numbers to share in the proceeds of the judicial sale to be had therein. Relator, Illinois Pure Aluminum Company, the owner of bonds Nos. 4, 5, and 6 in the series, proceeding in the manner authorized by 11 O. S. 1941 § 151, obtained judgment in rem against each of the properties in the paving district for the amount of the delinquent paving assessments, penalties, and interest due thereon. The decree contained the provision that if the judgments were not paid within six months, the sheriff should sell the properties as on execution and pay the net proceeds therefrom to the treasurer of the city of Enid to become a part of the special fund provided for the payment of the outstanding bonds and the interest thereon.

After such decree, but before expiration of the six months' redemption period, interveners, Dorothy McCann and Delmas C. Oosterbaan, owners of paving bonds Nos. 9, 29, and 30 in the

same series, filed their petition in intervention whereby they objected to the issuance of an order of sale at the expiration of the redemption period unless the owners of all the outstanding bonds in the series consented thereto, or in the alternative, unless the "said sale be directed for the ratable benefit of all bondholders in said series." Relator, by answer to the petition in intervention, denied that interveners were entitled to have the proceeds of the sale distributed among the bondholders pro rata, but asserted that said funds should be applied by the city treasurer to the payment of the outstanding bonds and interest thereon in their numerical order.

At the trial it was stipulated that the unpaid ad valorem taxes together with the special assessments being foreclosed exceeded the value of the real estate against which judgments had been rendered, and that in the event of a sale, the real estate would not bring a sufficient sum to pay all of the outstanding bonds with penalties and interest thereon in full. It was further stipulated:

"The sole question to be decided herein is whether or not the funds realized from the judicial sale of the property in this foreclosure action are to be applied on the outstanding bonds in numerical order or whether such funds are to be distributed, ratably, to the holders of all of the outstanding bonds in said issue."

Judgment was rendered for relator, and interveners appeal.

The bonds in question were issued under the provisions of chapter 173, S. L. 1923. By section 26 thereof (11 O. S. 1941 § 151) it is provided that "the bonds of each series shall be numbered consecutively beginning with number one and said bonds of each series shall be payable in their numerical order."

Section 29 (11 O. S. 1941 § 107) provides that any bondholder may institute an action to foreclose the lien of any assessment delinquent for more than twelve months, and that if the judgment therein obtained be not paid within six months the sheriff shall sell the property as upon execution, and that "upon the payment of such judgment, the amount thereof, exclusive of such costs, shall be paid to the city or town treasurer and become a part of the separate, special fund to pay such outstanding bonds and the interest thereon."

Interveners contend that such provisions of the statute do not apply in the case where the properties subject to the judgment are insufficient in value to pay all of the outstanding bonds. They urge that the language of section 29, above, providing that "upon the payment of such judgment" the sheriff shall pay the amount thereof to the city or town treasurer, etc., indicates that the Legislature intended that the act should apply only in cases where the amount of the judgment was paid in full. They then assert that since the Legislature has failed to provide a method of foreclosure in cases where the properties are of insufficient value to pay the judgments in full, the court should follow the equitable procedure approved in Lucas v. First Nat. Bank of Pawnee, 171 Okla. 606, 43 P. 2d 752, wherein we dealt with bonds issued under the provisions of sections 4615-4618, C. O. S. 1921, which we held did not provide for payment of the bonds in their numerical order after maturity.

Interveners overlook the fact that judgments rendered in proceedings to foreclose delinquent assessments under the provisions of section 29, above, are judgments in rem only, and that sale of the property on execution thereunder, for whatever amount, completely extinguishes the assessment obligation. In this sense, sale of the property on execution constitutes "payment of such judgment," and it was in this sense that the Legislature used the phrase in section 29.

In the case of Lucas v. First National Bank of Pawnee, above, the funds in the hands of the city treasurer were insufficient to pay the amount of the outstanding bonds, and although the bondholders were there permitted to

share the available funds pro rata because of the statute involved, we said that "had the bonds in question been issued under the present paving law, chapter 173, Sess. Laws 1923, this controversy would not exist," and pointed out that the present law provides for payment of the bonds in their numerical order. We thus indicated the view that the provisions of the present law are applicable to cases where the properties involved are of insufficient value to pay the outstanding indebtedness.

In the case of Fooshee, City Treas., v. Martin, 184 Okla. 554, 88 P. 2d 900, we held that the provisions of section 26 requiring payment of bonds issued thereunder in their numerical order applied not only to the principal of such bonds, but also to interest accrued thereon after maturity, and in so holding said that "under said statute, outstanding paving bonds are due and payable in numerical order." And in the case of Overstreet v. Keith, City Treas., 185 Okla. 198, 90 P. 2d 921, we held that in cases where the city treasurer lacked sufficient funds to pay all the past due bonds of a series, the decision in the case of Lucas v. First National Bank of Pawnee, above, governed the method of payment if the bonds were issued under section 4616, C. O. S. 1921, while the case of Fooshee, City Treas., v. Martin, above, controlled if the bonds were issued under the present law.

We are therefore of the opinion, and hold, that the provisions of the Act of 1923 provide a complete plan for the collection and distribution of street improvement assessments made thereunder. All collections, from whatever source, are to be paid into the special fund provided by the municipality for the payment of such bonds and the interest thereon, and such fund is then to be used to pay the bonds in their numerical order. This plan applies alike to districts where the value of the property subject to the lien of assessment is sufficient to pay the outstanding bonds, and to districts where the value of the property is insufficient to accomplish such purpose. It follows that the trial court did not commit error in rendering judgment for relator.

Our holding herein is not to be construed to apply to interest coupons maturing prior to the principal of the bonds. The question of the priority of payment of such coupons is not presented here and we express no opinion thereon.

Interveners also contend that no sale of the properties should be permitted unless the owners of a majority of the outstanding bonds consent thereto. Such issue was not within the sole question presented to the trial court by express stipulation and will not be considered for the first time on appeal. Starr v. Vaughn, 113 Okla. 247, 241 P. 152.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.